OPINION
On June 30, 1993, Plaintiff-appellant, Lotta O. Cash, and her son, defendant, Larry A. Cash, entered into a fouryear lease with defendant-appellees, Robert E. Seery and Mary Ellen Seery, for the rental of commercial real estate located in Fairfield, Ohio. Lotta, Larry and the Seerys signed an Option Contract contemporaneously with the lease agreement which was executed as part of the lease agreement.
The option contract granted to the "Option Holder the exclusive rights to purchase the leased premises" during the option period. The option contract defined the option holder as "Larry and Lotta Cash, cumulatively referred to as the Option Holder herein." The option contract stated that the option was to expire on May 15, 1997 and that closing must occur within thirty days after notice of intent to exercise the option was given. On May 14, 1997, before the option expired, Lotta sent a letter to the Seerys giving notice of her intent to exercise the option stating "I am writing to provide notice of the exercise of the option to purchase under Agreement from June 30, 1993."
Acting in good faith, the Seerys treated the letter as a valid exercise of the option and set a closing date for June 13, 1997. However, the Seerys had received separate communications from Larry, who indicated that he also wanted to purchase the property. After seeking legal advise, on May 27, 1997, the Seerys by letter[1] instructed Lotta and Larry that they were willing to convey the property "with both of you together and not individually. If we were to exercise the Option with only one of you a release and assignment from the other Option Holder would be necessary per contract conditions." However, Larry refused to sign an assignment or release of rights to the option and the Seerys refused to convey the property in Lotta's name alone.
On June 9, 1997, Lotta filed a complaint against the Seerys and Larry. Lotta requested that the court issue a declaratory judgment indicating that she was entitled to purchase the property and requested specific performance. Also included in the complaint were claims for breach of contract, consequential damages and tortious interference by the Seerys with a sublease entered into between Larry and Lotta and R R Equine Enterprises.[2] At the same time, Lotta filed a motion for a preliminary injunction to restrain the Seerys from selling the property. The trial court granted a temporary restraining order pending consideration of the preliminary injunction. On June 16, 1997 after a hearing, the trial court dissolved the temporary restraining order and denied Lotta's motion for preliminary injuction.
On June 30, 1997, the Seerys filed a motion to dismiss Lotta's complaint pursuant to Civ.R. 12(B)(6). The Seerys asserted that Lotta's complaint and the documents attached to it failed to state a complaint upon which relief could be granted. Lotta responded to the motion to dismiss by filing a memorandum in opposition. The Seerys filed a reply memorandum. On September 24, 1997, Lotta moved for leave to file an amended complaint. The Seerys filed a memorandum in opposition to leave to amend. On October 8, 1997, the trial court denied Lotta leave to amend and dismissed her complaint, finding that the documents attached to the complaint made it clear that there were no set of facts upon which Lotta could prevail. On appeal, Lotta argues three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY DISMISSING HER COMPLAINT FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED PURSUANT TO CIVIL RULE 12(B)(6).
Lotta presents four issues under her first assignment of error. Lotta sets forth these issues as: "(1) What is the appropriate standard of review; (2) Does the trial court's judgment entry indicate a Civil Rule 12(B) violation in its face; (3) Did the trial court properly conclude that [Lotta's] complaint could not possibly set forth any cause of action against [the Seerys]; (4) Does the trial court's decision work an inequitable forfeiture of [Lotta's] interest?"
First, we will discuss the appropriate standard of review. The trial court dismissed Lotta's complaint pursuant to a Civ.R. 12(B)- (6) motion to dismiss filed by the Seerys. In order for a court to dismiss a complaint pursuant to Civ.R. 12(B)(6) (failure to state a claim upon which relief can be granted), it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144. In construing a complaint based upon a motion to dismiss for failure to state a claim, the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190.
Appellate review of a ruling on a Civ.R. 12(B)(6) motion presents a question of law to be decided independently of the trial court's determination. Accordingly, the appropriate standard of review is de novo. Mitchell.
Lotta's second issue alleges that the trial court should have converted the Civ.R. 12(B)(6) motion to dismiss into a Civ.R. 56 motion for summary judgment because the trial court considered evidence outside the pleadings in making its decision. Lotta argues that the trial court considered the preliminary injunction hearing in its decision, and therefore should have converted the motion to dismiss into a motion for summary judgment.
A review of the trial court's decision does not support this argument. The trial court noted that the Seerys relied on the documents attached to the complaint in their motion to dismiss. "A copy of any written instrument attached to a pleading is a part thereof for all purposes." Civ.R. 10(C). When a motion to dismiss is founded upon a written instrument attached to the complaint, the complaint should not be dismissed under Civ.R. 12(B)(6) unless the complaint and any attached written instruments on their face show the court to a certainty that there is an insuperable bar to relief as a matter of law. Slife v. Kundtz Properties (1974), 40 Ohio App.2d 179, 185.
The following documents were attached to Lotta's complaint:
 Exhibit A: Copy of the legal description of the property
Exhibit B: Copy of the lease agreement
 Exhibit C: Copy of Memorandum of Lease and Option to Purchase
 Exhibit D: Copy of the "Option to Purchase Real Estate"
 Exhibit E: Letter from Lotta Cash providing notice of exercise of Option
 Exhibit F: Copy of sublease agreement between Lotta and Larry Cash and R R Enterprises
The trial court's decision shows that in ruling on the Civ.R. 12-(B)(6) motion to dismiss it considered only the complaint and the attached documents. Accordingly, we find no evidence that the trial court should have converted the motion to dismiss into a motion for summary judgment.
In her third issue, Lotta argues that the trial court erred by finding that her complaint could not possibly set forth any cause of action against the Seerys. Lotta argues that the following causes of action were set forth in her complaint: (1) the term "Option Holder" in the Option Contract did not mean both Larry and herself; (2) that the court erred in finding that the sublease with R R terminated on May 31, 1997 and (3) that the Seerys breached paragraph eight of the Option Contract by entering into a lease with R R.
When reviewing a document which is attached to a complaint for purposes of ruling on a motion to dismiss, the court must avoid interpreting the document at such an early stage unless the instrument is so clear and unambiguous on its face that the court can determine to a certainty that the plaintiff would be entitled to no relief under any provable set of facts. Slife v. Kundtz Properties, Inc. (1974), 40 Ohio App.2d 179, 185.
First, the trial court concluded that the definition in the Option Contract defining the option holder as "Larry Cash and Lotta Cash, cumulatively" was clear and unambiguous. The trial court held that the plain language of the Option Contract was not subject to any interpretation other than that the option must be exercised by, and the property conveyed to, Lotta and Larry together. Lotta argues that term "Option Holder" cannot mean both Larry and Lotta because the notice of intent to exercise the option contained only the signature of Lotta. However, the trial court found that:
 the language is clear and unambiguous and does not require interpretation. Since the option agreement lists the option holder as `Larry Cash and Lotta Cash, cumulatively', the contract attached to the complaint becomes an insuperable bar to relief as a matter of law.
While our standard of review is de novo in a Civ.R. 12(B)(6) motion to dismiss, we are, like the trial court, limited to reviewing the documents attached to the complaint. Limiting our review to the documents attached to the complaint, we concur with the trial court that the language defining the Option Holder is clear and unambiguous.
Second, Lotta argues that the court erred in finding that the sublease with R R terminated on May 31, 1997. Lotta contends that the Seerys invaded her interest in the property when, after notice of exercise of the option but prior to closing, the Seerys entered into a lease with R R. Lotta argues that when she gave notice of the exercise of the option, she became the equitable owner of the property. However, based on our previous discussions, Lotta did not properly exercise the option to purchase and therefore had no equitable interest in the property after expiration of the lease term.
Lotta also claims that the Seerys tortiously interfered with the sublease and negotiations for renewal of the sublease between herself and R R according to the holdover provision of the sublease. However, as discussed, because the option was not properly exercised by Lotta and Larry, after expiration of Lotta and Larry's lease term, Lotta retained no interest in the property.
Lotta argues in her fourth issue that the trial court's decision created an inequitable forfeiture of her interest in the property. Lotta claims that because she paid the option price, made regular rental payments, exercised the option in a timely manner and attended a closing where she was ready to tender the purchase price, she faithfully met the requirements of the option contract. However, based on our finding that the option was not properly exercised by Lotta, there is no inequity in the trial court's decision.
Based on the foregoing, Lotta's first assignment of error is not well-taken and is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY OVERRULING HER MOTION TO AMEND HER COMPLAINT PURSUANT TO CIVIL RULE 15.
Lotta argues that the trial court's denial of leave to amend her complaint was an abuse of discretion because leave should be freely granted where it is possible an amended complaint may set forth a claim on which relief can be granted. However, "grant or denial of leave to amend a pleading is discretionary and will not be reversed absent an abuse of discretion." State ex rel. Askew v. Goldhart (1996), 75 Ohio St.3d 608, 610. Furthermore, when "a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleadings." Wilmington Steel Prods. Inc. v. Cleveland Elec. Illuminating Co. (1991),60 Ohio St.3d 120, syllabus.
A review of the record fails to establish that the trial court abused its discretion by denying Lotta leave to amend her complaint. There was no showing that Lotta would have been able to state a claim on which she was entitled to relief if leave to amend the complaint had been granted. Lotta's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN DENYING APPELLANT'S MOTION FOR PRELIMINARY INJUNCTION WHERE IT HAD BEFORE IT EVIDENCE THAT APPELLEES HAD RENTED THE PROPERTY TO BE SOLD AND WERE IN BREACH OF THE TERMS OF THE OPTION AT CLOSING.
Lotta argues that the trial court improperly overruled her motion for preliminary injunction because the option was properly exercised. Pursuant to our discussions with respect to the previous assignments of error, we concur with the trial court that the option was not properly exercised. Therefore, the trial court did not err by overruling the motion for preliminary injunction. Lotta's third assignment of error is overruled. Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] The letter was erroneously dated February 27, 1997.
[2] Larry and Lotta subleased the property to a third party, R 
R Equine Enterprises, from December 15, 1995 through May 31, 1997.