[Cite as *In re Adoption of K.*, 2018-Ohio-3082.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

In re Adoption of K.                                   Court of Appeals No. WD-18-018

                                                       Trial Court No. 2016-4035

                                                       **DECISION AND JUDGMENT**

                                                       Decided: August 3, 2018

* * * * *

D.P., pro se.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant, D.P. ("grandfather"), appeals the February 26, 2018 judgment of the Wood County Court of Common Pleas, Probate Division, denying his pro se "motion to intervene and become a party and motion to dismiss adoption."[1] For the following reasons, we affirm.

---

[1] A.P., K.'s paternal grandmother, also appeared pro se in the trial court and signed the motions to intervene and dismiss. She did not file a notice of appeal, however, so she is not a party to this appeal.

# I. Background and Facts

{¶ 2} The case underlying this appeal is a stepparent adoption of K. that is pending before the trial court. Grandfather is K.'s paternal grandfather. On February 15, 2018, grandfather filed his motions to intervene and dismiss. Grandfather based his arguments on a visitation order from the Wood County Court of Common Pleas, Juvenile Division, that granted grandfather visitation rights to K. because it found that visits with grandfather were in K.'s best interest. Grandfather claimed that it was in K.'s best interest for him to intervene in the adoption proceeding because the outcome will affect his substantial rights. He also argued that the adoption petition should be dismissed because maintaining the grandparent-grandchild relationship was in K.'s best interest.

{¶ 3} On February 23, 2018, B.B., the prospective adoptive parent and the appellee in this case, [2] filed a response to grandfather's motions in which he claimed that the probate court is required to make its adoption decision without regard to a prior order from another court, grandparents do not have a statutory right to intervene in an adoption proceeding, and the probate court may not consider grandparents' visitation rights in ruling on an adoption petition.

{¶ 4} On February 26, 2018, the trial court issued its judgment entry denying grandfather's motions. The court found that the juvenile court visitation order did not give grandfather standing to intervene in the adoption proceeding, grandfather had no

---

[2] B.B. did not file a brief in this appeal.

2.

statutory rights that made intervention under Civ.R. 24 proper, and grandfather could not move to dismiss the petition for adoption because he had no right to intervene in the case.

{¶ 5} Grandfather appeals the trial court's decision on his motion to intervene, raising one assignment of error:

> THE COURT ERRED AND ABUSED ITS DISCRETION BY NOT ACTING IN THE MINOR CHILDS [sic] BEST INTEREST AND FAILED TO ADDRESS COMMON ISSUE OF LAW IN THE OHIO REVISED CIVIL RULE [sic] 24(B)(2) IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE OHIO LAW.

## II.  Law and Analysis

{¶ 6} In his assignment of error, grandfather essentially argues that the trial court abused its discretion by denying his motion to intervene.  Specifically, he contends that his claim to visitation rights with K. has a question of law or fact in common with the petition for adoption.  In doing so, he focuses almost exclusively on the argument that his intervention in the adoption proceeding is in K.'s best interest.  Grandfather also explicitly denies that he has any statutory right to intervene in the adoption case.  Because grandfather failed to comply with Civ.R. 24(C) and lacks any legal rights that he could protect by intervening in the adoption proceeding, we find that the trial court properly denied grandfather's motion to intervene.

{¶ 7} We review the trial court's determination under Civ.R. 24 for an abuse of discretion.  *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30,

3.

2011-Ohio-4612, 955 N.E.2d 935, ¶ 41. Abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996).

{¶ 8} Grandfather only argues that the trial court abused its discretion by denying him leave to intervene pursuant to Civ.R. 24(B)(2). Under that section, the trial court *may* allow a nonparty to intervene in a case if the nonparty's claim and the main action have questions of law or fact in common. *Id.* In reaching its decision, the court must consider whether allowing a nonparty to intervene would unduly delay or prejudice the determination of the original parties' rights. *Id.* A motion to intervene "shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought." Civ.R. 24(C).

{¶ 9} The trial court must construe Civ.R. 24 liberally in favor of permitting intervention. *Merrill* at ¶ 41. Even so, failure to comply with Civ.R. 24(C) is grounds for denying a motion to intervene. *In re Estate of Williams*, 6th Dist. Sandusky No. S-14-018, 2015-Ohio-4781, ¶ 16.

{¶ 10} In this case, the trial court did not abuse its discretion by denying grandfather's motion to intervene because grandfather did not include "a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought," as required by Civ.R. 24(C). This alone is a sufficient basis for denying a motion to intervene. *Williams* at ¶ 16.

4.

**{¶ 11}** Grandfather argues that we should liberally construe his motion because he appeared pro se in the trial court. As a pro se litigant, however, grandfather is bound by the same rules and procedures as parties who are represented by counsel. *Kenwood Gardens Assn., LLC v. Shorter*, 6th Dist. Lucas No. L-10-1315, 2011-Ohio-4135, ¶ 8. Moreover, even if we were to construe grandfather's motion as a pleading that satisfied Civ.R. 24(C), he does not have a legal right to protect in this case and, therefore, cannot present a "claim or defense for which intervention is sought" under Civ.R. 24.

**{¶ 12}** The Supreme Court of Ohio has explained that grandparents have no right of access to their grandchildren at common law and no constitutionally-protected right of association with their grandchildren, so any rights to grandchildren must be granted by statute. *In re Martin*, 68 Ohio St.3d 250, 252, 626 N.E.2d 82 (1994), citing *In re Whitaker*, 36 Ohio St.3d 213, 214, 522 N.E.2d 563 (1988) and *In re Schmidt*, 25 Ohio St.3d 331, 336, 496 N.E.2d 952 (1986). Generally speaking, R.C. Chapter 3107—the chapter that governs adoptions—does not give grandparents the right to participate in adoption proceedings involving their grandchildren. *In re Ridenour*, 61 Ohio St.3d 319, 329, 574 N.E.2d 1055 (1991). For example, the court is not required to notify grandparents that a petition for adoption has been filed or obtain the grandparents' consent to the adoption. *Id.*, citing R.C. 3107.06 and .11. Thus, "unless the [grandparents] are themselves seeking to adopt, they do not have an interest in the adoption proceeding *per se* sufficient to give them standing to intervene." (Emphasis in original.) *Id.* at 330.

5.

**{¶ 13}** Grandfather, citing R.C. 3109.051 and cases applying it, argues that he should be allowed to intervene in the adoption case because visits with him are in K.'s best interest. Revised Code 3109.051 governs orders granting visitation rights in a "divorce, dissolution, legal separation, or annulment proceeding" and also applies to orders granting grandparent visitation rights under R.C. 3109.12 (the statute that outlines visitation rights when the child's parents are unmarried). These statutes are inapplicable in adoption proceedings under R.C. Chapter 3107. *See Ridenour*; *In re Zschach*, 75 Ohio St.3d 648, 652, 665 N.E.2d 1070 (1996) ("R.C. 3107.15(A)(1) prohibits a court from granting visitation rights to a biological relative that survive a final decree of adoption."). This interpretation of the adoption statutes prevents prior orders issued by different courts from limiting the probate court's decision in an adoption proceeding and reduces the risk of creating a situation in which the probate court is unable to protect the child's best interest. As the Supreme Court stated in *Ridenour*,

> If the probate court is bound by a prior order from another court, then the probate court may be forced to sacrifice the best interests of the child in order to protect the rights accorded to third parties. Such a result would be inconsistent with the adoption statute and the policies underlying it. * * * To avoid these problems, the probate court must have the authority to reach a decision based on the best interests of the child at the time in question, a decision which is not constrained by an order issued at a prior time under a different set of circumstances. *Ridenour* at 324.

6.

{¶ 14} In sum, grandfather does not have any legal rights that he could assert in an adoption proceeding before the probate court, despite the earlier juvenile court order determining that visits with grandfather were in K.'s best interest. Accordingly, the trial court properly denied grandfather's motion to intervene. Grandfather's assignment of error is not well-taken.

### III.  Conclusion

{¶ 15} Based on the foregoing, the February 26, 2018 judgment of the Wood County Court of Common Pleas, Probate Division, is affirmed. Grandfather is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

Thomas J. Osowik, J. _____

Christine E. Mayle, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.