THE STATE, EX REL. GAINES, *v.* ADULT PAROLE AUTHORITY.

[Cite as State, ex rel. Gaines, *v.* Adult Parole Authority (1983), 5 Ohio St. 3d 104.]

(No. 82-1166—Decided June 8, 1983.)

*Mr. Willie R. Gaines, pro se.*

*Mr. William J. Brown,* attorney general, and *Mr. John C. Stamatakos,* for respondent.

*Per Curiam.* Relator's request for records of his parole revocation hearing as public records, if made, ignores R.C. 149.43(A)(1) which excepts records of parole proceedings from those records required to be made available as public records.

Further, relator does not assert any claim of failure of respondent to comply with any of the minimum due process requirements as to parole revocation proceedings as outlined by *Morrissey* v. *Brewer* (1972), 408 U.S. 471. Moreover, the materials submitted herein by relator reflect that his request to respondent was for a transcript of his revocation proceedings. Furnishing a copy of such transcript, if any, of parole revocation proceedings is not set out as among the minimal due process requirements of *Morrissey.*

Thus, relator has not shown a clear legal right to the relief prayed for, and the writ is denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, WEBER, HOLMES, C. BROWN and J.P. CELEBREZZE, JJ., concur.

WEBER, J., of the Second Appellate District, sitting for LOCHER, J.