THE STATE, EX REL. LIPSCHUTZ, *v.* SHOEMAKER, DIRECTOR, ADULT PAROLE AUTHORITY.

[Cite as State, ex rel. Lipschutz, *v.* Shoemaker (1990), 49 Ohio St. 3d 88.]

(No. 88-1914—Submitted November 14, 1989—Decided February 28, 1990.)

*Thompson, Hine & Flory, Barry L. Lubow* and *Thomas G. Berkemeyer,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Frederick C. Schoch,* for respondent.

*Per Curiam.* In this action, Lipschutz seeks a writ of mandamus directing respondent to conduct another parole hearing. He claims that, since he was convicted of only one count of murder, the Parole Board should not have treated him as having committed two murders. Because we find no clear legal duty on the Parole Board's part to disregard crimes not resulting in conviction, we deny the writ in this respect.

Ohio Adm. Code 5120:1-1-08(K) provides:

"In making any [parole] determination under Rule 5120:1-1-07 of the Administrative Code, the parole board may take into consideration * * * (K) The nature of the offense for which the inmate was convicted."

Lipschutz argues that this provision precludes the board from considering crimes of which he was not convicted. We cannot agree with this assertion. Clearly, Ohio Adm. Code 5120:1-1-08(K) does not authorize consideration of wrongdoing not resulting in conviction. However, nowhere does it forbid the consideration of such wrongdoing.

As respondent points out, Ohio Adm. Code 5120:1-1-08(L) expressly permits consideration of "[t]he inmate's pattern of criminal or delinquent behavior prior to the current term of imprisonment." Lipschutz argues that acts not resulting in conviction, by definition, are not "crimes." However, we have recognized a distinction between crimes and convictions:

"The ordinary meaning of the word 'offense' is 'the doing that which the penal law forbids * * * or omitting to do what it commands.' On the other hand, a 'conviction' is 'that legal proceeding which ascertains the guilt of the party upon which the sentence or judgment is founded.' * * * A conviction is not an essential element of an offense although an offense is always a prerequisite to a conviction." *State* v. *Brantley* (1965), 1 Ohio St. 2d 139, 141, 30 O.O. 2d 489, 490, 205 N.E. 2d 391, 393.

Thus, if Lipschutz committed a murder of which he was not convicted, it was nonetheless an offense, and

therefore part of his "pattern of criminal * * * behavior."

Moreover, Ohio Adm. Code 5120: 1-1-08(P) allows consideration of "[a]ny other factors which the board determines to be relevant, except for documents related to the filing of a grievance under rule 5120:9-31 * * *." The broad sweep of this provision is fully consistent with the Adult Parole Authority's statutory mandate to "investigate and examine" prisoners concerning "their mental and moral qualities and characteristics * * * and any other matters affecting their fitness to be at liberty without being a threat to society." R.C. 2967.03. Accordingly, Lipschutz's argument is not well-taken.

Lipschutz argues that, even if the Parole Board could consider offenses of which he was not convicted, it could not consider such offenses unless it had credible evidence that he had in fact committed them. He alleges that the board had no factual basis for believing that he killed two people.

The record shows that the board had a rational basis for believing that Lipschutz had murdered two people. He was indicted for murdering two people. An indictment is a mere accusation, but it indicates that a grand jury has found probable cause to believe in the truth of the accusation.

Additionally, the postsentence report, citing the files of the Cuyahoga County Prosecutor's office and the Adult Parole Authority, states that Lipschutz's wife and father-in-law were both found shot to death in Lipschutz's home, that Lipschutz owned the murder weapon, and that he admitted shooting his father-in-law. These circumstances gave the Parole Board a rational basis for concluding that Lipschutz also shot his wife. On this record, Lipschutz's assertion that the double homicide was a "totally fic-titious" event must be rejected as baseless.

Lipschutz also asks that respondent be directed to give him copies of any documents the Parole Board may have reviewed in preparation for the hearing, as well as all documents containing the board's findings. However, he suggests no theory that would entitle him to the documents he seeks. The documents are not public records, since they are "records pertaining to * * * parole proceedings." R.C. 149.43(A)(1). We find that Lipschutz has no clear legal right to see them.

In sum, we hold that the Parole Board may consider crimes that an inmate has committed but has not been convicted of. We find that the board's belief that Lipschutz committed two murders was not, as Lipschutz claims, totally unsupported. We further find that Lipschutz has not proven a clear legal right to the documents he seeks. Accordingly, we deny the writ of mandamus in all respects.

*Writ denied.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

RESNICK, J., concurs in judgment only.

SWEENEY, J., dissents.

SWEENEY, J., dissenting. In my view, the majority has committed a grave error in permitting the Parole Board to consider an indictment upon which a conviction was never obtained. Since such a decision has the potential of opening a veritable Pandora's box by permitting over-indictment abuses by prosecutorial authorities, I must respectfully but vigorously dissent from this decision.

By permitting the Parole Board to

consider an indictment upon which no conviction was returned, the majority has completely undermined our time-honored rule of law *that a person is presumed innocent until proven guilty.*

Ohio Adm. Code 5120:1-1-08 clearly provides that "* * * the parole board may take into consideration * * * (K) The nature of the offense for which the inmate was *convicted.*" (Emphasis added.)

While the majority concedes that the foregoing provision "does not authorize consideration of wrongdoing not resulting in conviction," it casts aside all sense of logic, fairness and reasonableness by asserting that the Administrative Code provision does not "forbid the consideration of such wrongdoing." I refuse to join such tortured analysis.

By its decision today, the majority has created a gaping loophole in the "presumption of innocence until proven guilty" standard. The practical effect of the majority opinion is to encourage prosecutors to over-indict suspects in order to deny them parole sometime down the line if the suspect is ultimately convicted of some of the indictments returned.

Since I firmly believe the Parole Board's actions have denied relator his rights to due process and equal protection, I would grant the requested writ of mandamus since I feel the Parole Board has committed a clear abuse of discretion.