### The STATE ex rel. HADLOCK

v.

### POLITO et al.

[Cite as *State ex rel. Hadlock v. Polito* (1991), 74 Ohio App.3d 764.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61560.

Decided July 15, 1991.

*Wes Hadlock, pro se.*

*Carol Schockley,* Assistant County Prosecutor, for respondents.

---

NAHRA, Presiding Judge.

Relator, a prisoner at Marion Correctional Institution, requested from respondent "a copy of the presentance [*sic*] investigation report # 78850 and/or any related reports, writings and papers compiled by the Cuyahoga County Presentance [*sic*] Investigation Unit, Probation Officer Mike Brady." After respondent refused relator's request, relator filed this action in mandamus.

Respondent has filed a motion to dismiss. (Relator has not responded to the motion to dismiss.) Respondent argues that release of the records at issue in this action is not required because they are "records pertaining to * * * probation * * * proceedings" and "records the release of which is prohibited by state * * * law." R.C. 149.43(A)(1). We agree.

R.C. 149.43(B) requires that all public records be made available for inspection and that copies of public records be made available at cost. R.C. 149.43(C) authorizes relief by way of mandamus for a person "allegedly aggrieved * * * by the failure of a governmental unit" to make a public record available for inspection or to make a copy available.

The issue presented by respondent's motion to dismiss, therefore, is whether the records which relator seeks are "public records." R.C. 149.43(A)(1) provides, in part:

" 'Public record' means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except medical records, *records pertaining to* adoption, *probation,* and parole proceedings, * * * and *records the release of which is prohibited by state * * * law."* (Emphasis added.)

■ Before a court can grant probation to a person convicted of a felony, the court is required to consider a presentence investigation report prepared by a probation officer. R.C. 2951.03; Crim.R. 32.2. A review of the docket in *State v. Wes Hadlock,* Cuyahoga County Court of Common Pleas case No. CR–190162, reflects that relator was found guilty on two felony counts— kidnapping and extortion. As a consequence, the records which relator requests through this action are "records pertaining to * * * probation * * * proceedings" and are not public records. Relator is not, therefore, entitled to relief by way of mandamus under R.C. 149.43.

The Supreme Court of Ohio has reached the same conclusion with regard to presentence investigation reports. "The judges' personal notes and presentence reports are not considered to be public records." *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 32, 20 OBR 279, 280, 485 N.E.2d 706, 709, fn. 2.

We must reach the same conclusion with regard to the other records requested in the *ad damnum* clause as "relied on to compile" the presentence investigation report. In *State ex rel. Lipschutz v. Shoemaker* (1990), 49 Ohio St.3d 88, 551 N.E.2d 160, relator Lipschutz brought an original action in mandamus before the Supreme Court of Ohio against the Director of the Adult Parole Authority.

"Lipschutz also asks that respondent be directed to give him copies of any documents the Parole Board may have reviewed in preparation for the hearing [after which he was denied parole], as well as all documents containing the board's findings. However, he suggests no theory that would entitle him to the documents he seeks. The documents are not public records, since they are 'records pertaining to * * * parole proceedings.' R.C. 149.43(A)(1). We find that Lipschutz has no clear legal right to see them." *Id.* at 90, 551 N.E.2d at 162. See, also, *State ex rel. Gaines v. Adult Parole Auth.* (1983), 5 Ohio St.3d 104, 5 OBR 241, 449 N.E.2d 762; *State ex rel. Williams v. Cleveland* (Jan. 18, 1991), Cuyahoga App. No. 57769, unreported, at 26, 1991 WL 6365

(records 64 and 65 exempt from disclosure under R.C. 149.43[A][1] because each "pertains to parole").

Of course, R.C. 149.43(A)(1) excludes from the definition of "public records" "records pertaining to adoption, *probation, and parole proceedings.*" (Emphasis added.) The logic of *Lipschutz* regarding records pertaining to *parole* proceedings would, therefore, necessarily apply to this action involving records pertaining to *probation* proceedings. As a consequence, the records which were "relied on to compile" the presentence report are not public records just as "any documents the Parole Board may have reviewed in preparation for the [parole] hearing," *Lipschutz, supra,* at 90, 551 N.E.2d at 162, are not "public records" as defined by R.C. 149.43(A)(1).

■ Furthermore, the presentence investigation report is a record "the release of which is prohibited by state * * * law." R.C. 149.43(A)(1). R.C. 2947.06 and Crim.R. 32.2 provide that presentence investigation reports are "confidential." (Prior to October 1, 1987 and from October 1, 1989 until November 20, 1990, R.C. 2951.03 provided that presentence investigation reports were "confidential." See Sub.H.B. No. 73, 142 Ohio Laws, Part II, 1948 *et seq.*; Am.Sub.S.B. No. 258, 143 Ohio Laws, Part I, 1308, 1473. R.C. 2951.03 currently requires that the sentencing court permit a defendant or counsel to read the presentence investigation report—with the exception of specified portions of the report—before sentencing.) As a consequence, a presentence investigation report is not a "public record" as defined by R.C. 149.43(A)(1).

Accordingly, respondent's motion to dismiss is granted. Relator to pay costs.

*Writ denied.*

JAMES D. SWEENEY and HARPER, JJ., concur.