The STATE of Ohio, Appellee,

v.

DIETZ, Appellant.

[Cite as *State v. Dietz* (1993), 89 Ohio App.3d 69.]

Court of Appeals of Ohio,
Lake County.

No. 92–L–131.

Decided July 6, 1993.

*Steven C. LaTourette,* Lake County Prosecuting Attorney, and *Geoffrey W. Weaver,* Assistant Prosecuting Attorney, for appellee.

*Kenneth M. Cort,* for appellant.

Joseph E. Mahoney, Judge.

Defendant-appellant, John Curtis Dietz, appeals from the July 31, 1992 judgment of the trial court denying him a copy of his presentence investigation report.

Appellant filed a postconviction motion to release a copy of his presentence report. The trial court set the matter for a hearing but conducted an in-chambers conference without making any record of such conference. In lieu of a transcript, appellant has filed a statement of proceedings pursuant to App.R. 9(C), which describes what occurred in chambers.

Appellant and his counsel were permitted to review the presentence report prior to appellant's sentencing in 1987 without any objection by the prosecution. The parole board had been referring to appellant's report at appellant's parole hearings, but would not allow appellant to see the report. Neither appellant nor his counsel can recall the substance of the report to discuss its contents or rebut matters raised by the parole board. Thus, on May 18, 1992, appellant requested a copy of this report so that he would be better able to represent himself before the board, since he is not permitted to have counsel. Appellant argued that R.C. 2951.03(B)(6) permits the release of the presentence investigation report at the discretion of the court.

The state cited R.C. 2951.03(B)(6) and Crim.R. 32.2(C)(3) and argues that Crim.R. 32.2 absolutely prohibited a copy of the presentence report being released to *anybody*, but that R.C. 2951.03(B)(6) did provide the court with discretion. The state asked the court not to release the report in the instant case so as not to set a precedent and open the floodgates to any defendant who wants a copy.

The probation officer, David Nelson, also opposed releasing the report.

After the parties stated their positions, the trial court concluded "that Sec. 149.43 ORC precludes the release of a copy of a presentence investigation report, by reason that the Court believes the same to fall within the listed exceptions from what would otherwise be considered a 'Public Record,' and is controlling."

Appellant has filed a timely appeal and now presents one assignment of error:

"The court erred in denying defendant's motion to release his presentence report by reason of Section 149.43 Ohio Revised Code."

The issue before us is whether a defendant is entitled to a copy of his presentence investigation report after his conviction. We hold that he is not entitled to a copy of his presentence report *after conviction* under R.C. 2951.03, Crim.R. 32.2 or R.C. 149.43 and, therefore, we affirm the trial court.

■ Since appellant's conviction on March 26, 1987, R.C. 2951.03 and 149.43 have been amended. There is no dispute that appellant was afforded an opportunity to view his presentence report prior to being sentenced. At the time of appellant's sentence, the decision to allow a defendant to view his presentence report was discretionary with the trial court. However, effective October 1, 1987, R.C. 2951.03 was amended to make disclosure of the presentence investigation report mandatory. R.C. 2951.03 presently provides in relevant part:

"(B)(1) If a presentence investigation report is prepared pursuant to this section, section 2929.81 [no such section] or 2947.06 of the Revised Code, or Criminal Rule 32.2, the court, at a reasonable time *before imposing sentence,* shall permit the defendant or his counsel to read the report, except that the court shall not permit the defendant or his counsel to read any of the following:
" * * *

"(6) Any copies of the presentence investigation report that are made available pursuant to this section to the defendant or his counsel or to the prosecutor shall be returned to the court, probation officer, or investigator *immediately after the imposition of sentence or the granting of probation, unless the court * * * directs otherwise."* (Emphasis added.)

Crim.R. 32.2 provides in relevant part:

"(C) Disclosure
" * * *

"(1) Except in cases of aggravated murder, the report of the presentence investigation shall be confidential and need not be furnished to the defendant or his counsel or the prosecuting attorney unless the court, in its discretion, so orders.
" * * *

"(3) Any copies of the presentence investigation report made available to the defendant or his counsel and the prosecuting attorney shall be returned to the court, probation officer or investigator *immediately* following the imposition of sentence or the granting of probation. *Copies of the presentence investigation report shall not be made by the defendant, his counsel, or the prosecuting attorney."* (Emphasis added.)

It is clear that both R.C. 2951.03 and Crim.R. 32.2 address the disclosure of the presentence investigation report at the sentencing stage of the proceedings and require that the report shall be returned immediately following imposition of sentence and that no copies be made of the report. Furthermore, both the statute and rule stress the confidentiality of the records or sources. R.C. 2951.03 does state that the report be returned immediately "unless the court directs

otherwise." Thus, R.C. 2951.03 does give the trial court discretion regarding the immediacy of the return of records. Crim.R. 32.2, however, does not provide for discretion. Crim.R. 32.2 supersedes R.C. 2951.03.

Crim.R. 32.2 is a rule "governing practice and procedure" under Section 5, Article IV, Ohio Constitution; thus, R.C. 2951.03 is a law which is in conflict with the rule and is of "no further force or effect" pursuant to Section 5, Article IV, Ohio Constitution. *Rockey v. 84 Lumber Co.* (1993), 66 Ohio St.3d 221, 611 N.E.2d 789. However, even if R.C. 2951.03 were applicable regarding discretion in releasing the presentence report, that discretion applies prior to or at the sentencing stage and not in a postconviction proceeding or motion.

■ Neither R.C. 2951.03 nor Crim.R. 32.2 gives any indication or implication that a defendant is entitled to a copy of the presentence investigation report after conviction. Thus, appellant's argument that the trial court should have released a copy of his presentence investigation report under R.C. 2951.03 after conviction is without merit.

In addition, as the trial court correctly concluded, appellant is not entitled to a release of his presentence investigation report under R.C. 149.43, which provides in relevant part:

"(A)(1) 'Public record' means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except medical records, *records pertaining to* adoption, *probation, and parole proceedings,* * * * *and records the release of which is prohibited by state* * * * *law."* (Emphasis added.)

■ A presentence investigation report is a record "pertaining to * * * probation" and thus is not a "public record." Therefore, it is exempt from disclosure under R.C. 149.43(A)(1). *State ex rel. Hadlock v. Polito* (1991), 74 Ohio App.3d 764, 600 N.E.2d 709; see, also, *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 32, 20 OBR 279, 280, 485 N.E.2d 706, 709.

In *Polito, supra,* Hadlock, the relator, filed an action in mandamus with the Eighth District Court of Appeals after his request for a copy of his presentence investigation report was denied by respondent Polito. The court denied relator a writ of mandamus. The court held that a presentence investigation report was confidential and not subject to disclosure as a "public record" under R.C. 149.43(A)(1). The court reasoned that:

" * * * [T]he presentence investigation report is a record 'the release of which is prohibited by state * * * law.' R.C. 149.43(A)(1). R.C. 2947.06 and Crim.R. 32.2 provide that presentence investigation reports are 'confidential.' (Prior to

October 1, 1987 and from October 1, 1989 until November 20, 1990, R.C. 2951.03 provided that presentence investigation reports were 'confidential.' See Sub.H.B. No. 73, 142 Ohio Laws, Part II, 1948 *et seq.*; Am.Sub.S.B. No. 258, 143 Ohio Laws, Part I, 1308, 1473. R.C. 2951.03 currently requires that the sentencing court permit a defendant or counsel to read the presentence investigation report—with the exception of specified portions of the report—before sentencing.) As a consequence, a presentence investigation report is not a 'public record' as defined by R.C. 149.43(A)(1)." *Hadlock, supra,* 74 Ohio App.3d at 767, 600 N.E.2d at 710–711.

Based on the foregoing, appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., concurs.

CHRISTLEY, J., concurs in judgment only.