**The STATE ex rel. SHARPLESS**

v.

**GIERKE.**

[Cite as *State ex rel. Sharpless v. Gierke* (2000), 137 Ohio App.3d 821.]

Court of Appeals of Ohio,
Eleventh District, Portage Counties.

No. 2000–P–0002.

Decided May 30, 2000.

*Michael S. Sharpless, pro se.*

*Victor V. Vigluicci,* Portage County Prosecuting Attorney, and *Kelli K. Norman,* Assistant Prosecuting Attorney, for respondent.

*Per Curiam.*

The instant action in mandamus is presently before this court for consideration of respondent's motion to dismiss, filed on January 21, 2000. As the primary basis for her motion, respondent, Kathy Gierke of the Portage County Adult Probation Department, submits that the petition of relator, Michael S. Sharpless, does not state a viable claim in mandamus because she has no legal duty to perform the specific act which he is trying to compel. For the following reasons, we conclude that the motion to dismiss has merit.

In bringing this action, relator seeks the issuance of an order requiring respondent to give him a copy of a presentence investigation report which had been submitted in an underlying criminal proceeding. This request for relief is based upon the following basic allegations: (1) in 1997, relator was found guilty in the Portage County Court of Common Pleas of conspiracy to commit aggravated murder; (2) prior to sentencing in this matter, the trial judge ordered the Portage County Adult Probation Department to prepare a presentence investigation report; (3) this report was subsequently submitted to the trial judge by respondent, an officer with the department; and (4) based in part upon the information in the report, the trial judge sentenced relator to a definite term of nine years.

As the legal grounds for his petition, relator asserts that he is entitled to receive a copy of the presentence investigation report at this time because he was not allowed to review the contents of the document before his sentence was imposed in 1997. He further submits that the release of the report to him would assist him in establishing, for purposes of his pending petition for postconviction relief, that his sentence was based on false accusations against him.

In now moving to dismiss the mandamus petition, respondent contends that relator has no legal right to receive a copy of the presentence investigation report because that document is considered confidential and can only be reviewed by a criminal defendant at a particular time. Citing R.C. 2951.03, respondent asserts that relator was entitled to see the report only when he was sentenced in the

underlying criminal action. In turn, respondent further asserts that, given that relator has no legal right to see the report at this time, it follows that she has no legal duty to provide the requested copy.

Our review of the relevant case law indicates that this court has previously had the opportunity to interpret the statute upon which respondent has predicated her argument. In *State v. Dietz* (1993), 89 Ohio App.3d 69, 623 N.E.2d 613, the criminal defendant had served nearly five years of his sentence when he moved the trial court to order the release of a copy of his presentence investigation report. As the grounds for this motion, the defendant argued that he needed to see the report in order to represent himself adequately before the Parole Board. After the state had responded to the motion, the trial court denied it on the basis that the report was not a "public record" under R.C. 149.43.

In affirming the trial court's decision, this court began our discussion in *Dietz* by noting that the disclosure of a presentence investigation report was governed primarily by R.C. 2951.03. We then quoted the following provisions in that statute:

" '(B)(1) If a presentence investigation report is prepared pursuant to this section, * * *, the court, at a reasonable time *before imposing sentence*, shall permit the defendant or his counsel to read the report * * *:

" ' * * *

" '(6) Any copies of the presentence investigation report that are made available pursuant to this section to the defendant or his counsel or to the prosecutor shall be returned to the court, probation officer, or investigator *immediately after the imposition of sentence or the granting of probation, unless the court * * * directs otherwise.*' (Emphasis added.)"

After also noting that Crim.R. 32.2 specifically stated that copies of a presentence investigation report could not be made by a defendant or his counsel, we concluded in *Dietz* that neither the statute nor the rule gave the defendant the right to see the report after his sentence had been imposed. Furthermore, as a separate basis for this holding, we emphasized that a presentence investigation report was exempted from disclosure under the Public Records Act, R.C. 149.43, because that Act contained a provision that stated that any document concerning the issue of probation was not considered a "public record" for disclosure purposes. See, also, *State ex rel. Hadlock v. Polito* (1991), 74 Ohio App.3d 764, 600 N.E.2d 709.

Since the issuance of the *Dietz* decision in 1993, the Ohio General Assembly has amended the provisions of R.C. 2951.03 considerably. Nevertheless, our review of the new version of the statute indicates that, although the wording of the relevant provisions has been changed, the scope of a defendant's right to review

the report has not been altered. Specifically, we would note that R.C. 2951.03 now provides:

"(D)(1) The contents of a presentence investigation report prepared pursuant to this section * * * are confidential information and are not a public record. The court, an appellate court, authorized probation officers, investigators, and court personnel, the defendant, the defendant's counsel, the prosecutor who is handling the prosecution of the case against the defendant, and authorized personnel of an institution to which the defendant is committed may inspect, receive copies of, retain copies of, and use a presentencing investigation report * * * only for the purposes of or only as authorized by Criminal Rule 32.2 or this section, division (F)(1) of section 2953.08, section 2947.06, or another section of the Revised Code.

"(2) Immediately following the imposition of sentence upon the defendant, the defendant or the defendant's counsel and the prosecutor shall return to the court all copies of a presentence investigation report * * * that the court made available to the defendant or the defendant's counsel and to the prosecutor pursuant to this section. The defendant or the defendant's counsel and the prosecutor shall not make any copies of the presentence investigation report * * * that the court made available to them pursuant to this section."

In addition to the foregoing, R.C. 2951.03(D)(3) states that, unless a presentence investigation report is being used for one of the permissible purposes listed in division (D)(1) of the statute, the report must be kept under seal.

Although the wording of the old and new versions of R.C. 2947.03 are different, the substance of the relevant provisions is essentially identical. As to this point, this court would emphasize that the differences in the wording can be attributed in part to the fact that many of the provisions of the former Crim.R. 32.2, as cited in the *Dietz* decision, have been incorporated into the new version of R.C. 2951.03.[1] For example, the new version of R.C. 2951.03 contains statements which, like the prior provisions of Crim.R. 32.2, indicate that (1) the presentence investigation report is considered confidential in nature, and (2) the defendant and his counsel cannot make copies of the report. As a result of the inclusion of this language from the prior rule, it is even more evident that R.C. 2951.03 does not allow a defendant to review a report after he has been sentenced.

---

1. The present version of Crim.R. 32.2, enacted in 1998, does not contain any references to the manner in which copies of a presentence investigation report can be made available to a defendant. The Staff Notes for the 1998 amendments states that the references in the prior version of the rule were deleted so that the provisions of the new version of R.C. 2951.03 would be controlling in this matter.

Under R.C. 2951.03(D)(1), there are three basic instances in which the contents of a presentence investigation report can be disclosed: (1) pursuant to R.C. 2951.03(B), to the defendant or his counsel prior to the imposition of his sentence; (2) pursuant to R.C. 2947.06, to the trial court when it is making its sentencing determination; and (3) pursuant to R.C. 2953.08(F), to the appellate court when it is reviewing the sentencing determination on appeal.[2] If each of these three instances have already occurred in a given criminal case, then the general rule concerning the confidentiality of the report would apply to prohibit the disclosure of the report.

■ Accordingly, this court concludes that the basic holding in *Dietz* is still valid. That is, we hold that a criminal defendant has no legal right to obtain and review a copy of his presentence investigation report after he has been sentenced in a criminal action.

In responding to the motion to dismiss, relator never expressly addresses the merits of the *Dietz* holding concerning the proper interpretation of R.C. 2951.03. Instead, he merely reasserts that he should be allowed to see the presentence investigation report because he was denied the opportunity to review it when he was sentenced. He also has raised a number of arguments concerning the propriety of the procedure which the trial court followed in imposing his sentence.

■ As to these arguments, this court would simply indicate that even if any errors did occur during the sentencing procedure, such errors cannot form the basis of a justifiable reason for granting a writ of mandamus. Instead, those errors would support only the reversal of relator's conviction on direct appeal. Stated differently, relator cannot use a mandamus action as a means of litigating issues that can be considered solely in the context of a direct appeal.

■■ As a general proposition, a writ of mandamus will lie only when it can be shown that the relator has a clear legal right to the requested relief and, correspondingly, the respondent has a clear legal duty to perform the requested act. *State ex rel. Manson v. Morris* (1993), 66 Ohio St.3d 440, 441, 613 N.E.2d 232, 233–234. Pursuant to the foregoing analysis, this court concludes that the nature of the allegations in the instant petition are such that, even if those allegations are construed in a manner most favorable to relator, they indicate that relator will not be able to demonstrate the existence of the foregoing elements.

---

**2.** Although R.C. 2951.03(D)(1) does provide that a report can be disclosed for any other purpose allowable under the Ohio Revised Code, this court is unaware of, nor has relator referred to, any code section granting a criminal defendant any further right to obtain a copy of his report.

In turn, it follows that the dismissal of this action is warranted under Civ.R. 12(B)(6). *Hadlock.*

Accordingly, respondent's motion to dismiss is granted. It is the order of this court that relator's mandamus petition is hereby dismissed.

*Petition dismissed.*

FORD, P.J., CHRISTLEY and NADER, JJ., concur.