JOURNAL ENTRY AND OPINION
Relator, Dorrough W. Whittaker, seeks a writ of mandamus in order to compel the respondent, the Cuyahoga County Court of Common Pleas, to produce copies of records and documents that relate to his conviction, inState v. Whittaker, Cuyahoga County Court of Common Pleas Case No. CR-164886, for the offenses of aggravated murder (R.C. 2903.01) and aggravated robbery (R.C. 2911.11). The relator has filed a motion for summary judgment which we grant for the following reasons.
In order for this court to issue a writ of mandamus, the relator must demonstrate that: 1) the relator possesses a clear legal right to the relief requested; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Harrisv. Rhodes (1978), 54 Ohio St.2d 41. Herein, the relator seeks copies of the following that directly relate to Cuyahoga County Court of Common Pleas Case No. CR-164886: 1) trial transcript; 2) presentence investigation report; 3) indictment; 4) journal entries; 5) docket sheet; 6) police reports; and 7) all other documents pertaining to Case No. CR-164886.
In the case sub judice, the relator has named the Cuyahoga County Court of Common Pleas as the respondent. The respondent, however, possesses no legal duty to provide the relator with copies of any of the requested records or documents. Thus, the relator has failed to meet the second prong of the aforesaid three-part test which must be met before this court will issue a writ of mandamus. R.C. 2731.01. See, also, State ex rel.Branwner v. Hayes (1955), 164 Ohio St. 373.
Notwithstanding the fact that the respondent possesses no legal duty to provide the relator with copies of the requested records or documents, we further find that the relator is not entitled to a writ of mandamus. As demonstrated by the exhibit attached to the relator's complaint, it is impossible to create a copy of the requested transcript. Mandamus will not issue to require the performance of an impossible act. State ex rel.Newell v. Cuyahoga Cty. Court of Common Pleas (1997), 77 Ohio St.3d 269.
A presentence investigation report is a record that pertains to probation and as such is not a public record and thus exempt from disclosure per R.C. 149.43. State v. Dietz (1993), 89 Ohio App.3d 69 . Additionally, the respondent possesses no legal duty to provide the relator with copies of the indictment, journal entries or docket sheet. Such a request must be directed to the Cuyahoga County Clerk of Courts. Cf. State ex rel. Dollison v. Reddy (1978), 55 Ohio St.2d 59; State exrel. Pressley v. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141.
The relator is not entitled to a copy of the police report involved in Case No. CR-164886 since information assembled by law enforcement officials in connection with a criminal proceeding is excepted from release. State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420. It must also be noted that the relator has failed to comport with the requirement of R.C. 149.43(B)(4) which mandates the filing of a petition with the trial court for the release of any public records. Finally, the relator's request for "all other documents pertaining to this case" is fatally vague and is incapable of being acted upon. State ex rel.Zauderer v. Joseph (1989), 62 Ohio App.3d 742; See, also, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112.
Accordingly, we grant the respondent's motion for. summary judgment. Clerk to serve notice of this judgment to all parties as provided in Civ.R. 58(B). Costs to relator.
Writ denied.
KENNETH A. ROCCO, J. and MICHAEL J. CORRIGAN, J. CONCUR.