JOURNAL ENTRY AND OPINION
The appellant, Charles M. Kho, appeals the decision of the trial court accepting his plea of no contest to the charge of disorderly conduct, under Broadview Heights Codified Ordinance No. 648.04(a)(1), and the subsequent sentence imposed. For the reasons set forth below, we vacate the sentence and remand for resentencing.
The appellant was originally charged with endangering children, a violation of Broadview Heights Codified Ordinance No. 636.11; menacing, a violation of R.C. 2903.22; and domestic violence, a violation of R.C.2919.25(A). When the matter came to trial, the appellant agreed to enter a plea of no contest to the charge of disorderly conduct under Broadview Heights Codified Ordinance No. 648.04(a)(1), a fifth degree misdemeanor, with an agreed upon finding of guilt. The parties agreed that all additional charges were to be dismissed.
After the trial judge accepted the appellant's plea, he was instructed as follows:
 THE COURT: * * * [T]he defendant is to complete a psychiatric evaluation relating to the child management care and anger management with Dr. Christine Campbell as previously scheduled by the defendant.
 Dr. Campbell is to render a report prior to sentencing and provide this report to the probation department. The defendant is to comply with the Cuyahoga County Social Case Plan and as it may be amended.
On January 24, 2001, the appellant was brought before the trial judge for sentencing. At that time, appellant's counsel stated:
 MR. NEWMAN: Your honor, I don't know anything about the presentence investigation. I'm not sure that I have any way to respond to whatever recommendation there is. I didn't know there was such a report. I have discussed this with the probation officer.
The trial judge then sentenced the appellant, based on the record, the psychiatric report, the probation department's recommendation and all factors under R.C. 2929.22, to 180 days in jail, 60 days suspended, and a fine of $500, all $500 suspended, plus costs. The appellant was placed on 36 months of active probation and ordered to comply with the case plan established by children services.
The appellant appeals the decision of the trial court and asserts the following assignments of error:
 I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF HIS DUE PROCESS RIGHTS IN SENTENCING WHEN IT FAILED TO PERMIT APPELLANT AN OPPORTUNITY TO REVIEW AND COMMENT UPON THE PRE-SENTENCE INVESTIGATION REPORT THAT IT CONSIDERED WHEN SENTENCING THE APPELLANT, RENDERING THE SENTENCE A NULLITY AND VOID.
 II. THE TRIAL COURT ERRED WHEN IT FAILED TO PERMIT APPELLANT AN OPPORTUNITY TO REVIEW AND COMMENT UPON THE PRE-SENTENCE INVESTIGATION REPORT THAT IT CONSIDERED WHEN SENTENCING THE APPELLANT, AND SUCH ERROR IS A VIOLATION OF R.C. 2951.03(B), AND AN ABUSE OF DISCRETION, RENDERING THE SENTENCE A NULLITY AND VOID.
 III. THE TRIAL COURT ERRED IN IMPOSING BOTH A FINE AND IMPRISONMENT FOR A MISDEMEANOR WITHOUT WEIGHING THE STATUTORY FACTORS OR JUSTIFYING ITS DECISION, AND SUCH ERROR IS A VIOLATION OF R.C. 2929.22(E), AND AN ABUSE OF DISCRETION, RENDERING THE SENTENCE A NULLITY AND VOID.
Appellant's first two assignments of error will be reviewed together.
The appellant contends that he was prejudiced because neither he nor his counsel were permitted to review the presentence investigation report to determine any factual inaccuracies that the trial judge may have considered when imposing sentence. Therefore, he alleges, the sentence imposed was not proper and should be vacated.
R.C. 2951.03, presentence investigation report in felony case, states in pertinent part:
 (B)(1) If a presentence investigation report is prepared pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.3, the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report, except that the court shall not permit the defendant or the defendant's counsel to read any of the following:
(a) Any recommendation as to sentence;
* * *
 (d) Any other information that, if disclosed, the court believes might result in physical harm or some other type of harm to the defendant or to any other person.
 (2) Prior to sentencing, the court shall permit the defendant and the defendant's counsel to comment on the presentence investigation report and, in its discretion, may permit the defendant and the defendant's counsel to introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report.
 (3) If the court believes that any information in the presentence investigation report should not be disclosed pursuant to division (B)(1) of this section, the court, in lieu of making the report or any part of the report available, shall state orally or in writing a summary of the factual information contained in the report that will be relied upon in determining the defendant's sentence.
 The court shall permit the defendant and the defendant's counsel to comment upon the oral or written summary of the report.
Additionally, Crim.R. 32.2, Presentence Investigation, states:
 In felony cases the court shall, and in misdemeanor cases the court may, order a presentence investigation and report before imposing community control sanctions or granting probation.
While this actual scenario has not found its way before this reviewing court, other districts have dealt with the disclosure of a presentence investigation report. The Eleventh District, in State v. Dietz (1993),89 Ohio App.3d 69, dealt with the question of disclosure of a report to a defendant after his conviction. The court stated:
 * * * [I]t is clear that both R.C. 2951.03 and Crim.R. 32.2 address the disclosure of the presentence investigation report at the sentencing stage of the proceedings and requires that the report shall be returned immediately following imposition of sentence and that no copies be made of the report. * * * R.C. 2951.03 does state that the report be returned immediately unless the court directs otherwise. Thus, R.C. 2951.03 does give the trial court discretion regarding the immediacy of the return of records. Crim.R. 32.2, however, does not provide for discretion. Crim.R. 32.2 supersedes R.C. 2951.03. Id. at 72-73.
The court thereafter determined that the report is not considered a public record and is therefore confidential and not subject to disclosure after the defendant has been sentenced.
Dietz however, was based on R.C. 2951.03 and Crim.R. 32.2 as they appeared at the time of the appellant's sentencing, prior to their revisions in 1998. Since then, both R.C. 2951.03 and Crim.R. 32.2 have been revised, the new versions appearing above. The present version of Crim.R. 32.2, enacted in 1998, does not contain any reference to the manner in which copies of a presentence investigation report can be made available to a defendant. The Staff Notes for the 1998 amendments state that the references in the prior version of the rule were deleted so that the provisions of the new version of R.C. 2951.03 would be controlling in this matter. State v. Gierke (2000), 137 Ohio App.3d 821, 824 n. 1.
The court, in Gierke, dealt with a writ of mandamus to compel the probation department to give the defendant a copy of his presentence investigation report after he had been sentenced. The court held that the basic holding in Dietz is still considered valid and that an appellant cannot be furnished with a copy of the report after his conviction. The appellant also argued that he was not furnished with a copy of the report before he was sentenced. The court responded by stating: [A]s to these arguments, this court would simply indicate that even if any errors did occur during the sentencing procedure, such errors cannot form the basis of a justifiable reason for granting a writ of mandamus. Instead, those errors would support only the reversal of relator's conviction on direct appeal. Gierke, supra at 825.
In the case at bar, the appellant argues that he was never made aware that a presentence investigation report was being made and that he was never given an opportunity to view the report for any factual inaccuracies that may have been present.
Upon a review of the statute, it is clear that the appellant is entitled to review the factual text of the report. The appellant's review, however, is limited and precludes information pertaining to sentence recommendations, any diagnostic opinion, information obtained by sources based on a promise of confidentiality, and anything which if disclosed might result in physical harm to the defendant or to any other person. If, however, the trial judge determines that the report itself should not be disclosed, the court shall, in accordance with 2951.03(B)(3) state orally or in writing a summary of the factual information contained in the report that will be relied upon in determining the defendant's sentence. The court shall permit the defendant and the defendant's counsel to comment upon the oral or written summary of the report.
In either situation, the defendant and the defendant's counsel must be made aware of the factual information found in the report itself. This is regardless of whether or not the defendant or his counsel request to see a copy of the report. The statutory language is not discretionary on the part of the trial judge but mandatory. Additionally, recent decisions * * * hold that the due process clause `requires that a defendant be afforded an opportunity to ensure that the information considered at a sentencing hearing is accurate and reliable.' State v. Roberson (2001),141 Ohio App.3d 626 citing United States v. Sciacca (C.A.8, 1989),879 F.2d 415, 416.
Upon consideration of the record, the facts show that the trial judge did not allow the appellant or his counsel to read the report or a factual summary. The transcript of the appellant's sentencing further shows that the prosecuting attorney was allowed to review the report before the sentencing hearing. This court therefore finds that the trial court erred when it failed to comply with R.C. 2951.03. Appellant's first and second assignments of error have merit.
Appellant's third assignment of error is rendered moot because it directly relates to the judge's determinations made after reviewing the presentence investigation report.
The sentence is vacated and the cause is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., AND ANNE L. KILBANE, J., CONCUR.