OPINION
Defendant-appellant, Howard Fisher, appeals the decision of the Butler County Court of Common Pleas sentencing him to twelve years in prison for voluntary manslaughter and felonious assault. We affirm in part and reverse and remand in part.
In December 1997, appellant was indicted for murder and felonious assault after stabbing two men, one fatally, with a large knife. Appellant, who has a long history of psychological problems, was attempting to purchase drugs at the time. Appellant eventually pled guilty to one count of voluntary manslaughter, a first-degree felony, and one count of felonious assault, a second- degree felony.
The trial court sentenced appellant to nine years in prison for the voluntary manslaughter charge, and three years for the felonious assault charge. The trial court ordered the sentences to be served consecutively. The trial court also ordered appellant to pay the costs of prosecution, counsel costs, and "any fees permitted pursuant to Revised Code Section 2929.18(A)(4)." Appellant now appeals the trial court's sentencing determination, raising four assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY IMPOSING CONSECUTIVE SENTENCES IN THE CASE SUB JUDICE.
Under this assignment of error, appellant argues that the trial court did not make the required statutory findings in imposing consecutive prison sentences.
An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
When reviewing a trial court's sentencing determination, the applicable record to be examined by the appellate court includes the following: (1) the presentence investigation report, (2) the trial court record in the case in which the sentence was imposed, and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1) through (3).
The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C.2929.11(A).
Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find that one of the factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post- release control for a prior offense;
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct;
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute in a talismanic ritual in order to impose consecutive sentences upon an offender. State v. Finch (1998),131 Ohio App.3d 571, 574; State v. Mirmohamed (1998), 131 Ohio App.3d 579,584. However, the trial court is required to state sufficient supporting reasons for the imposition of such sentences. R.C. 2929.19(B)(2)(c).
In this case, the trial court did not recite the language of the statute in imposing consecutive sentences. However, the record reflects that the trial court implicitly made the required statutory findings.
The record supports a finding that consecutive sentences were necessary "to protect the public from future crime or to punish" appellant. R.C.2929.14(E)(4). At the sentencing hearing, the trial court stated that "a prison sentence in this case is required based upon the seriousness of the offense, based upon the fact that a death occurred, based upon [appellant's] previous record, and the other information that [the trial court] set out." This information included a psychological examination of appellant, medical records, witness statements, victim impact statements, letters to the court from appellant's family, the presentence investigation report, and appellant's differing accounts of the incident.
The trial court repeatedly discussed the seriousness of the crimes appellant committed, which included the "ultimate offense" of taking human life. The trial court also noted that appellant brought a large knife with him to the drug transaction, likely anticipating the need to use the weapon. The trial court further noted that appellant had not been completely candid about the details of the offenses and his drug use, even on the day of the sentencing hearing. These statements by the trial court at the sentencing hearing are indicative of a finding that consecutive sentences were necessary to punish appellant. R.C.2929.14(E)(4).
The record also supports a finding that consecutive prison terms were not "disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(E)(4). At the sentencing hearing, the trial court spoke of the preciousness of life, in addition to stating that taking another human life, as appellant did, was the "ultimate offense." Throughout the sentencing hearing, the trial court spoke of the serious nature of appellant's offenses, which involved repeatedly stabbing two victims. The trial court also stated that appellant's psychological problems were not an excuse for the serious crimes he committed. Given the trial court's statements at the sentencing hearing, the record supports a finding that consecutive prison terms of nine and three years were not disproportionate to the seriousness of appellant's conduct.
The trial court must also have made a finding that one of the three factors in R.C. 2929.14(E)(4)(a)-(c) applies. The record supports a finding that "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4)(c).
The trial court specifically mentioned appellant's previous criminal record in making its sentencing determination. The presentence investigation report shows that, though appellant did not have a previous criminal conviction since 1989, appellant's criminal record was extensive. Appellant's criminal record included multiple drug-related offenses in addition to a driving under the influence conviction. Indeed, drugs played a part in appellant's voluntary manslaughter and felonious assault convictions as appellant was apparently attempting to purchase crack cocaine at the time the altercation arose. Thus, we find that the record supports an R.C. 2929.14(E)(4)(c) finding that appellant's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4)(c).
Because the record reflects that the trial court made the required statutory findings under R.C. 2929.14(E)(4), the trial court's imposition of consecutive sentences is supported by the record and is not contrary to law. R.C. 2953.08(G)(1). Thus, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY IMPOSING MORE THAN A MINIMUM SENTENCE IN THE CASE SUB JUDICE.
Under this assignment of error, appellant argues that the trial court did not make the required statutory findings before imposing a prison sentence greater than the minimum sentence.
The permissible sentencing range for voluntary manslaughter is three to ten years. R.C. 2929.14(A)(1). The permissible sentencing range for second-degree felonious assault is two to eight years. R.C. 2929.14(A)(2). The trial court sentenced appellant to nine years for voluntary manslaughter and three years for felonious assault. Thus, both sentences imposed were beyond the minimum sentences permitted by statute.
A trial court must impose the minimum prison term for an offender who has not previously served a prison term unless it finds on the record, either that a minimum sentence would demean the seriousness of the offender's conduct, or that a minimum sentence would not adequately protect the public from future crime by the offender or others. R.C.2929.14(B). When a court imposes a prison term greater than the minimum, it does not need to specify its underlying reasons on the record. State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus. Rather, it is sufficient that the record reflects that the court engaged in the statutory analysis and found either or both of the R.C. 2929.14(B) exceptions warranted a sentence greater than the minimum. Id. at 326.
First, we note that it is not clear from the record whether appellant has previously served a prison term. The presentence investigation report appears to show that appellant was confined for "trafficking in drugs" in 1977. The report states: "defendant was in institution from 10-6-77 to 12-7-78 when he was paroled."
Even assuming appellant had not previously served a prison term, the record supports a finding that "a minimum sentence would demean the seriousness of the offender's conduct." R.C. 2929.14(B). At the sentencing hearing, the trial court repeatedly discussed the serious nature of appellant's conduct in stabbing the two victims. The trial court noted that appellant had committed "the ultimate offense" of taking a human life. The trial court also expressed frustration with appellant because he was not candid about the details surrounding the offenses and was not taking responsibility for his actions.
The trial court was not required to specify any underlying reasons for imposing a sentence greater than the statutory minimum. Edmonson,86 Ohio St.3d 324, syllabus. The record reflects that the trial court engaged in the proper statutory analysis and determined that a minimum sentence on either of the two charges would demean the seriousness of the offenses. Id.; R.C. 2929.14(B).
The trial court's imposition of sentences greater than the minimum is supported by the record and is not contrary to law. R.C. 2929.14(G). Thus, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED BY IMPOSING FINES OR COSTS IN THE CASE SUB JUDICE.
Under this assignment of error, appellant argues that the trial court improperly imposed the costs of prosecution, counsel costs, and "any fees permitted pursuant to Revised Code Section 2929.18(A)(4)" because it did not consider appellant's ability to pay.
The trial court did not mention counsel costs or fees at the sentencing hearing. However, in the judgment entry, the trial court stated: "The defendant is ordered to pay all costs of prosecution, counsel costs and any fees permitted pursuant to Revised Code Section 2929.18(A)(4)."
R.C. 2947.23 specifically provides that "[i]n all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Unlike the statutory provisions governing fines and court-appointed attorney fees, R.C. 2947.23 does not require a trial court to consider a defendant's ability to pay the costs of prosecution. Based upon the plain language of the foregoing statute, we conclude that the trial court did not err by assessing the costs of prosecution against appellant.
R.C. 2941.51 governs the payment of appointed counsel, which appellant received. R.C. 2941.51(D) provides, in relevant part:
 The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county in an amount that the person reasonably can be expected to pay.
 Thus, an indigent defendant may properly be required to pay his attorney fees only after the court makes an affirmative determination on the record that the defendant has, or reasonably may be expected to have, the means to pay all or some part of the cost of the legal services rendered to him. State v. Cooper (Feb. 19, 2002), Butler App. No. CA2001-03-063, unreported, at 20; State v. Rivera-Carrillo (Mar. 3, 2002), Butler App. No. CA2001-03-054, unreported, at 38; State v. Watkins (1994), 96 Ohio App.3d 195, 198; State v. Groom (Oct. 19, 2001), Lucas App. No. L-00-1104, unreported; State v. Nelson (Oct. 3, 2000), Shelby App. No. 17- 2000-05, unreported.
In this case, the trial court made no determination on the record that appellant was able to pay or could reasonably be expected to pay for his court-appointed counsel. Accordingly, the trial court erred by assessing counsel costs without making an affirmative determination on the record that appellant had, or reasonably may be expected to have, the means to pay those costs. We remand to the trial court for such a determination.
In addition to imposing the costs of prosecution pursuant to R.C.2947.23, a trial court may also impose financial sanctions upon felony offenders. R.C. 2929.18(A). Before it imposes such sanctions, however, the trial court "shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(6). There are no express factors that must be considered or specific findings that must be made. State v. Martin (2000), 140 Ohio App.3d 326, 338. The trial court is not required to hold a hearing in order to comply with R.C. 2929.19(B)(6), although it may choose to do so pursuant to R.C.2929.18(E). "All that is required under R.C. 2929.19(B)(6) is that the trial court `consider the offender's present or future ability to pay.'"Id.
There is no evidence in the record that the trial court considered appellant's present and future ability to pay "any fees permitted pursuant to [R.C.] 2929.18(A)(4)." "Because the court must comply with the legislature's mandate under R.C. 2929.19(B)(6)," State v. Adkins (2001),144 Ohio App.3d 633, 647, we reverse the trial court's imposition of financial sanctions and remand with instructions that the trial court consider appellant's present and future ability to pay "any fees pursuant to Revised Code Section 2929.14(A)(4)." State v. Rivera-Carrillo (Mar. 3, 2002), Butler App. No. CA2001-03-054, unreported, at 39.
Accordingly, appellant's third assignment of error is overruled as it relates to the costs of prosecution, but sustained as it relates to counsel costs and "any fees permitted pursuant to Revised Code Section 2929.18(A)(4)."
Assignment of Error No. 4:
 DEFENDANT-APPELLANT REQUESTS THAT THE COURT OF APPEALS CONDUCT AN IN CAMERA INSPECTION OF THE PRESENTENCE INVESTIGATION REPORT AND PSYCHOLOGICAL EVALUATION/S FOR ERRORS ON APPEAL.
Under this assignment of error, appellant contends that his appellate counsel was de facto incompetent with regard to errors pertaining to the presentence investigation report because his appellate counsel was not permitted to review the report in preparation for this appeal. Therefore, appellant argues, this court should review the report as well as any psychological exams compiled as part of the presentence investigation for any errors the trial court may have committed.
R.C. 2951.03 primarily governs the disclosure of a presentence investigation report. R.C. 2951.03(D) permits the disclosure of a presentence investigation report in three different circumstances: (1) pursuant to R.C. 2951.03(B), to the defendant or his counsel prior to the imposition of the sentence; (2) pursuant to R.C. 2947.06, to the trial court when it is making its sentencing determination; and (3) pursuant to R.C. 2953.08(F), to the appellate court when it is reviewing the sentencing determination. State ex rel. Sharpless v. Gierke (2000),137 Ohio App.3d 821, 825.
As this court stated in its October 3, 2001 entry,[1] Ohio law permits a defendant to view a presentence investigation report only prior to sentencing. See State v. Dietz (1993), 89 Ohio App.3d 69; State exrel. Normand v. Wilkinson (Nov. 28, 1995), Franklin App. No. 95APE05-563, unreported. Thus, appellant is not permitted access to the report on appeal.
Appellant asserts that this court should review the presentence investigation report and psychological evaluations for possible errors by the trial court. However, the presentence investigation report is already included in the record the appellate court is required to examine when reviewing a trial court's sentencing determination. See R.C.2953.08(F)(1)-(3). Any psychological evaluations included in the presentence investigation report and in the trial court's record are also part of the record this court is required to review. See id.
Thus, we have reviewed the presentence investigation report and the psychological evaluations contained in the report and in the trial court's record when considering whether the trial court erred in its sentencing determination. As previously stated, we found no error in the trial court's sentencing determination, other than the assessment of certain costs and fees. No further review of the presentence investigation report or accompanying psychological reports is required by law. Accordingly, appellant's fourth assignment of error is overruled.
In conclusion, we reverse the trial court's judgment as it relates to the imposition of appointed counsel costs and "any fees permitted pursuant to Revised Code Section 2929.18(A)(4)." The case is remanded to the trial court for a determination of whether appellant has, or reasonably may be expected to have, the means to pay counsel costs, and for the trial court to consider appellant's present and future ability to pay "any fees pursuant to Revised Code Section 2929.14(A)(4)." We affirm the trial court's judgment in all other respects.
WALSH, P.J., and YOUNG, J., concur.
[1] In an entry dated October 3, 2001, this court denied appellant's motion to review the presentence investigation report and any psychological reports that were part of the presentence investigation.