OPINION
On February 25, 1993, the Franklin County Grand jury indicted appellant, Robert Gearheart, on one count of aggravated vehicular homicide and two counts of aggravated vehicular assault. On January 24, 1994, appellant pled no contest to aggravated vehicular homicide and was found guilty by the trial court. A nolle prosequi was entered on the remaining two counts. By entry filed March 8, 1994, the trial court sentenced appellant to an indeterminate term of four to ten years in prison.
On January 30, 2001, appellant filed a complaint for declaratory judgment and injunctive relief against appellee, Ohio Adult Parole Authority, challenging appellee's evaluation process for his parole release. On February 23, 2001, appellee filed a motion to dismiss. By judgment entry filed May 4, 2001, the trial court granted said motion and dismissed appellant's complaint.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING THE APPELLEE'S MOTION TO DISMISS PURSUANT TO CIV.R. 12(B)(6) WHEN THE TRIAL COURT IMPROPERLY CONSIDERED MATTERS OUTSIDE OF THE COMPLAINT WITHOUT FIRST CONVERTING SAID MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT PURSUANT TO CIV.R. 56.
II
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S RIGHTS AND COMMITTED REVERSIBLE ERROR WHEN THE TRIAL COURT HELD, UNDER THE GUISE OF MOOTNESS, THAT NO REAL CONTROVERSY OR JUSTICIABLE ISSUE PRESENTLY EXISTED BETWEEN THE PARTIES REGARDING APPELLANT'S CLAIM OF IMPROPER FORFEITURE OF HIS EARNED GOOD BEHAVIOR CREDITS BY THE DEFENDANT IN DEROGATION OF THE OBVIOUS GRAMMATICAL INTERPRETATION OF THE STATUTORY MANDATE "AFTER A PRORATED DIMINUTION HAS BEEN CREDITED FOR A GIVEN MONTH, IT SHALL NOT BE REDUCED OR FORFEITED FOR ANY REASON", THUS REQUIRING A DECLARATION OF RIGHTS TO BE MADE.
III
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S RIGHTS AND COMMITTED REVERSIBLE ERROR WHEN THE TRIAL COURT PREMATURELY ENTERED JUDGMENT FOR THE APPELLEE-MOVANT DISMISSING THE APPELLEE'S CLAIMS OF A BREACH OF THE PLEA AGREEMENT WITHOUT FIRST PROVIDING A REAL OPPORTUNITY TO SHOULDER THE BURDEN OF PROOF BY DEMONSTRATING TO THE SATISFACTION OF THE COURT THE PLEA AGREEMENT'S ACTUAL EXISTENCE, ITS TERMS OR CONDITIONS, THE BREACH AND WHY SPECIFIC PERFORMANCE IS NECESSARY AS THE SOLE REMEDY TO PROVIDE THROUGH A DECLARATORY JUDGMENT.
 I, III
Appellant claims the trial court erred in granting appellee's Civ.R. 12(B)(6) motion without first converting it into a summary judgment motion pursuant to rule, and the trial court erred in granting the motion to dismiss for failure to state a claim upon which relief may be granted. We disagree.
Civ.R. 12(B)(6) states the following in pertinent part:
 Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:***(6) failure to state a claim upon which relief can be granted***. ***When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.
Appellant's complaint was one for declaratory and injunctive relief. The prayer requested the following:
 To declare that the Defendant has improperly calculated the Plaintiff's maximum expiration date of his indefinite term of imprisonment of four to ten years pursuant to O.R.C. § 2967.19.
 To declare that the Defendant as an agent of the State of Ohio is prohibited under the terms of the plea agreement from using the two counts of Aggravated Vehicular Assault offenses dismissed by the Trial Court in determining the amount of time that the Plaintiff must serve before being released on parole under the New Ohio Parole Board Guidelines Manual.
 To declare that the New Ohio Parole Board Guidelines Manual as applied to the Plaintiff improperly increases the amount of time that the Plaintiff must serve before he becomes eligible to be seriously considered for a parole release under prior existing law.
 To declare that the Defendant has improperly applied the New Ohio Parole Guidelines to the Plaintiff in violation of the Equal Protection Clause and Due Process by failing to give the Plaintiff credit for productive program participation and good behavior where there is no logical reason whatsoever given for denying the Plaintiff such credits and where the Defendant uniformally (sic) gives other individuals such credits who are similarly situated.
 Any other declaratory relief that this Honorable Court may deem fair, just, and reasonable under the circumstances.
Attached to the complaint are the entry of conviction/sentence, the plea agreement, the review screening recommendation sheet, the decision of the Ohio Parole Board and a criminal history/risk score.
Appellant's prayer (b) asks for the enforcement of the plea agreement. Appellant argues both the prosecuting attorney and defense counsel assured him "that once the trial court enters a nolle prosequi on the two counts of aggravated vehicular assault accusations, that these two offenses would then be gone forever and that it would be as if they had never existed." Appellant's Brief at 6. Because of the attachments to the complaint, there were sufficient facts to determine this issue without a hearing. The entry of conviction/sentence filed March 8, 1994 recites appellant's plea to aggravated vehicular homicide with specification and his conviction of guilty. The trial court imposed a minimum of four to a maximum of ten years in prison. In addition, said entry granted the motion of the prosecuting attorney to nolle prosequi Counts 2 and 3 of the indictment. The plea of no contest signed by appellant informed appellant that he may be sentenced to "2, 3, 4, 5, years up to 10 years" and stated the following:
 I understand that the court upon acceptance of my plea(s) of `No Contest' may proceed with judgment and sentence. I hereby assert that no person has threatened me, promised me leniency, or in any other way coerced or induced me to plead `No Contest' as indicated above; my decision to plead `No Contest', thereby placing myself completely and without reservation of any kind upon the mercy of the Court with respect to punishment should I be found guilty, represents the free and voluntary exercise of my own will and best judgment. I am completely satisfied with the legal representation and advice I have received from my counsel.
From the face of these two documents, accepting the allegation that Counts 2 and 3 were dismissed in exchange for the plea, we find there has been no breach of contract and the state has fulfilled any promises of the plea agreement. Pursuant to Civ.R. 12(B)(6), it is clear there is no relief available against the state on the enforcement of the plea agreement.
As to the complaint's three remaining prayers for relief, (c), (d) and (e), we concur with our brethren from the Third and Tenth Districts inLayne v. Ohio Adult Parole Authority (May 29, 2001), Marion App. No. 9-2001-06, unreported, Houston v. Wilkinson, et al. (June 29, 2001), Allen App. No. 1-01-52, unreported, and Talbert v. Ohio Adult ParoleAuthority (June 12, 2001), Franklin App. No. 00AP-1461, unreported. As in Layne, appellant sub judice seeks to have "good time credit" advanced against the maximum sentence having once been rejected for parole. TheLayne court at 8 held "a prisoner's `good time' is a deduction only from his minimum or definite sentence." (Emphasis sic.) In support of this holding, the Layne court cited the "good time" statute, R.C. 2967.19, which (in effect at the time of appellant's sentencing) states the following in pertinent part:
 Except as provided in division (F) of this section, a person confined in a state correctional institution is entitled to a deduction from his minimum or definite sentence of thirty per cent of the sentence, prorated for each month of the sentence during which he faithfully has observed the rules of the institution. Any deduction earned under this division shall be credited to the person pursuant to division (E) of this section.
***
 A person who is confined in a state correctional institution shall not have his minimum or definite term diminished pursuant to any statute or rule other than this section and sections 2967.193 or 5145.11 of the Revised Code. (Emphasis added.)
The Layne court also cited the Committee Comment to H.B. No. 511 codified at R.C. 2967.19:
 This section retains existing formulae for determining the number of days by which a prisoner in the penitentiary is entitled, by virtue of his good behavior, to have his minimum sentence reduced and his date for parole consideration accordingly advanced.
Further, as noted in Houston at 4, a prisoner "has no constitutional or statutory right to early release or to consideration for early release."Vaughn v. Ohio Parole Authority (1999), 85 Ohio St.3d 397. Appellee's use of "guidelines" or risk assessment sheets is completely discretionary. Wise v. Ohio Department of Rehabilitation Corrections
(1992), 84 Ohio App.3d 11. Appellee "can consider crimes for which he was indicted but not convicted in deciding whether to grant parole."Talbert citing several cases including State ex rel. Askew v. Goldhart
(1996), 75 Ohio St.3d 608, State ex rel. Hattie v. Goldhardt (1994),69 Ohio St.3d 123, State ex rel. Lipschutz v. Shoemaker (1990),49 Ohio St.3d 88, Nobles v. Ohio Dept. of Rehab. and Corr. (Dec. 5, 2000), Franklin App. No. 00AP-200, unreported, and State v. Shaner (July 27, 2000), Logan App. No. 8-99-16, unreported.
We note appellee's decision attached to appellant's complaint does not claim that any charges resulted from the two persons who were injured in the incident, just that there were two other victims "with injuries." Therefore, the dismissed counts as to degree of offense which appellant argues would have resulted at trial in a misdemeanor conviction were not part of appellee's decision.
Assignments of Error I and III are denied.
 II
Based upon our decision supra, we find this assignment to be moot.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.
Farmer, J., Edwards, P.J. and Boggins, J. concur.