OPINION
{¶ 1} Defendant-appellant, Robyn Hicks, appeals from a decision of the Butler County Court of Common Pleas, sentencing her for complicity to attempted robbery and attempted tampering with evidence. We affirm the decision of the trial court.
 {¶ 2} On August 13, 2002, appellant drove her boyfriend, Rodney Nelson, to a Speedway gas station and convenience store. She parked the auto in an alley behind the station, and waited while Nelson entered the store, threatened the clerk with a knife, and left with the store's cash. He returned to the waiting car and drove off with appellant. Appellant concealed some of the stolen cash in her bra, shirt and shoes. She later gave the shirt that Nelson had worn during the robbery to her grandfather, asking him to dispose of it.
 {¶ 3} Appellant was subsequently charged with complicity to commit robbery and tampering with evidence. She later pled guilty to complicity to commit robbery and attempted tampering with evidence, both fourth-degree felonies. The trial court proceeded to sentence her to 12-month prison terms on both charges and ordered that the sentences run concurrently. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1
 {¶ 4} "THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY IMPOSING MORE THAN A MINIMUM SENTENCE IN THE CASE SUB JUDICE."
 {¶ 5} In her first assignment of error, appellant asserts that the record does not support the imposition of a sentence greater than the statutory minimum sentence and that the trial court failed to make factual findings supporting the sentence. Appellant argues that "it is error for the trial court to merely recite these [statutory] findings without setting forth a sufficient factual basis."
 {¶ 6} The sentencing range for a fourth-degree felony is six to 18 months. R.C. 2929.14(A)(4). If the court elects to impose a prison sentence on an offender who, like appellant, has not previously served a prison term, the court must impose the shortest authorized prison term pursuant to R.C. 2929.14(A), "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). See State v. Garcia (1998),126 Ohio App.3d 485, 487. Contrary to appellant's assertion, when a court imposes a prison term greater than the minimum, it does not need to specify its underlying reasons on the record. State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110, syllabus. Rather, it is sufficient that the record reflects that the court engaged in the statutory analysis and found either or both of the R.C. 2929.14(B) exceptions warranted a sentence greater than the minimum. Id. at 326.
 {¶ 7} The trial court specifically found in its judgment entry sentencing appellant that "[t]he shortest prison term will demean the seriousness of the defendant's conduct," and "[t]he shortest prison term will not adequately protect the public from future crime by the defendant[.]" The trial court made the same findings on the record at the sentencing hearing and, although not required to do so, provided supporting reasons for its decision: Appellant assisted in the commission of an armed robbery, a crime which caused psychological and economic harm to the victims. And although appellant purported to accept responsibility for the crime, she failed to express genuine remorse for her actions. As well, appellant denied having a criminal record in spite of evidence indicating she had a prior misdemeanor theft conviction. Review of the presentence investigation report confirms these findings.
 {¶ 8} Having reviewed the record, we find that the trial court engaged in the appropriate statutory analysis and its decision to sentence appellant to a term greater than the minimum prison term is supported by the record. Accordingly, the first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 9} "Defendant-appellant Requests That The Court Of Appeals Conduct An In Camera Inspection Of The Presentence Investigation Report And Psychological Evaluations For Errors On Appeal."
 {¶ 10} In her second assignment of error, appellant contends that her appellate counsel was de facto incompetent with regard to errors pertaining to the presentence investigation report because her appellate counsel was not permitted to review the report in preparation for this appeal.[1] Therefore, appellant argues this court should review the report for any errors the trial court may have committed.
 {¶ 11} R.C. 2951.03 primarily governs the disclosure of a presentence investigation report, permitting disclosure in three circumstances: (1) pursuant to R.C. 2951.03(B), to the defendant or his counsel prior to the imposition of the sentence; (2) pursuant to R.C.2947.06, to the trial court when it is making its sentencing determination; and (3) pursuant to R.C. 2953.08(F), to the appellate court when it is reviewing the sentencing determination. R.C. 2951.03(D);State v. Fisher, Butler App. No. CA98-09-190, 2002-Ohio-2069; State exrel. Sharpless v. Gierke (2000), 137 Ohio App.3d 821, 825. Consequently, the presentence investigation report is already included in the record this court is required to examine when reviewing a trial court's sentencing determination. See R.C. 2953.08(F)(1)-(3).
 {¶ 12} We have already reviewed the presentence investigation report when considering whether the trial court erred in its sentencing determination. As previously stated, we found no error in the imposition of a greater than minimum prison term. No further review of the presentence investigation report is required by law. See Fisher, 2002-Ohio-2069 at ¶ 45; State v. Willis, Butler App. No. CA2002-02-028, 2002-Ohio-6303, at ¶ 27. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL and YOUNG, JJ., concur.
[1] 1. Appellate counsel, who was not appellant's trial counsel, filed a motion to review the presentence investigation report. The motion was denied by this court on the basis that Ohio law permits a defendant to review a presentence investigation report only prior to sentencing.