OPINION
{¶ 1} Defendant-appellant, Dwight Lane, appeals his sentence and the imposition of costs and fines for his convictions in the Butler County Court of Common Pleas on two counts of gross sexual imposition ("GSI"). We affirm the decision of the trial court.
 {¶ 2} On December 10, 1997, the ten-year-old victim reported to her teacher that appellant touched her vagina with his fingers, licked her vagina, placed his penis on her vagina, and ejaculated on her. Appellant was staying at the home of his victim and her mother. Appellant was initially indicted on two counts of rape and one count of GSI. However, pursuant to a plea agreement, the two rape counts were amended to the charge of GSI and counts two and three were merged.
 {¶ 3} On December 17, 1998, appellant entered a plea of guilty to the charges and a jury waiver pursuant to North Carolina v. Alford
(1970), 400 U.S. 25, 91 S.Ct. 160. Appellant was sentenced on February 4, 1999, to consecutive five-year terms for counts one and two, fined $5,000 on each count, and assessed the cost of prosecution, counsel fees, and any fees permitted pursuant to R.C. 2929.18(A)(4). On November 4, 1999, the judgment entry was amended to indicate that counts two and three were merged. Appellant appealed his sentence to this court. The decision of the trial court was reversed and remanded for resentencing because the trial court had not adequately articulated its reason for imposing appellant's maximum consecutive sentences. See Lane v. State, Butler App. No. CA99-02-046, 2002-Ohio-559.
 {¶ 4} A re-sentencing hearing was held on March 14, 2002. The trial court stated that it considered appellant's presentence investigation report ("PSI"), all evidence presented in mitigation, the purposes and principles of sentencing, and the recidivism and seriousness factors. The trial court entered judgment sentencing appellant to consecutive four-year terms of imprisonment for each crime, fined him $5,000 on each count, and assessed the cost of prosecution, counsel fees, and any fees permitted pursuant to R.C. 2929.18(A)(4). Appellant appeals the decision raising four assignments of error.
Assignment of Error No. 1
 {¶ 5} "The Trial Court Erred To Defendant's Prejudice By Imposing More Than A Minimum Sentence In The Case Sub Judice."
 {¶ 6} Appellant argues that "a trial court errs where it imposes more than a minimum sentence where there is no indication on the record that the defendant served a previous prison sentence and there is no finding on the record that the shortest prison term would demean the seriousness of the offender's conduct or that a minimum sentence would not adequately protect the public from future crime."
 {¶ 7} R.C. 2929.14(B) provides that "if a court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 8} The trial court acknowledged that appellant had not served a prior prison term. However, the trial court stated on the record that imposing the shortest term of imprisonment, "in this case, would demean the seriousness of the offense and not adequately protect the public." Therefore, the trial court properly sentenced appellant under R.C. 2929.14(B) to a greater than minimum term. Consequently, the first assignment of error is overruled.
 Assignment of Error No. 2 {¶ 9} "The Trial Court Erred To Defendant's Prejudice By Imposing Consecutive Sentences In The Case Sub Judice."
 {¶ 10} Appellant argues that the trial court reached the decision to impose consecutive sentences without a proper factual basis, contrary to R.C. 2929.14(E)(4). Appellant argues there was no significant evidence demonstrating that consecutive sentences were necessary to protect the public from future crime or to punish the offender.
 {¶ 11} When a defendant is convicted of multiple offenses, the sentencing court is to impose concurrent sentences unless it finds that consecutive sentences are warranted pursuant to R.C. 2929.14(E)(4). See R.C. 2929.41(A). In making this determination, the "trial court must strictly comply with the relevant sentencing statutes by making all necessary findings on the record at the sentencing hearing[,]" as well as specify the basis of its findings when necessary. State v. Bonanno, Allen App. Nos. 1-98-59, 1-98-60, 1999-Ohio-815. "When consecutive sentences are imposed under R.C. 2929.14, the trial court must also follow the requirements set forth in R.C. 2929.19(B)." State v. Rouse, Auglaize App. No. 2-99-13 at *3, 1999-Ohio-876.
 {¶ 12} R.C. 2929.19(B)(2) provides that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under R.C. 2929.14, its reasons for imposing the consecutive sentences." In addition, R.C. 2929.14(E)(4) states, in pertinent part: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: * * * (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct."
 {¶ 13} In the present case, the trial court determined that consecutive sentences were appropriate and necessary to protect the public and to adequately punish appellant and were not disproportionate to the conduct and the danger appellant poses and, further, that the harm was so great or unusual that a single term did not adequately reflect the seriousness of the conduct. These findings comply with both prongs of R.C. 2929.14(E)(4). See State v. Kehoe (1999), 133 Ohio App.3d 591,614-615.
 {¶ 14} However, R.C. 2929.19(B)(2)(c) also requires that the trial court state on the record its reasons for imposing consecutive sentences. The trial court stated several reasons for imposing consecutive sentences. The court found that appellant "was a guest in the victim's household" and that he "used his position of trust" as a family friend "to help facilitate the offense." The court found that the victim was "approximately ten to 12 years old, unable to defend herself, much smaller obviously in physical size." The court found that the victim's physical "injury and the mental injury sustained by the victim in this case was worsened by the disparity not only in size but also in age between the defendant and the victim." At the time of the victimization, appellant was approximately 28 years old. The court found that "the victim suffered serious psychological harm as a result of this offense." Furthermore, the court found that the "recidivism factors" were "high" based upon appellant's "history of prior criminal convictions." The trial court also found that appellant was "not amenable to available community control."
 {¶ 15} The record supports the imposition of consecutive sentences in the instant case. The trial court adequately explained its reasons at the hearing and made the necessary statutory findings in the judgment entry. The court stated the factual underpinnings supporting the imposition of consecutive sentences. The young age of the victim, the commission of multiple offenses, serious psychological harm as a result of this offense, and high recidivism factors based upon appellant's history of prior criminal convictions all show the trial court's decision was not contrary to law and is supported by clear and convincing evidence. Therefore, the second assignment of error is overruled.
 Assignment of Error No. 3 {¶ 16} "The Trial Court Erred By Imposing Fines, Counsel Costs And/or Fees Permitted Pursuant To R.C. 2929.18(A)(4) In The Case Sub Judice."
 {¶ 17} Appellant argues that before imposing a financial sanction, costs or a fine as part of a sentence the trial court should consider the offender's present and future ability to pay.
 {¶ 18} The trial court ordered appellant to pay all costs of prosecution, counsel costs and any fees permitted pursuant to Revised Code Section 2929.18(A)(4). This court has previously held that R.C. 2947.23
does not require a trial court to consider a defendant's ability to pay the costs of prosecution. State v. Rivera Carrillo, Butler App. No. CA2001-03-054, 2002-Ohio-1013. Costs of prosecution are not considered punishment. See Symons v. Eichelberger (1924), 110 Ohio St. 224, 238. In fact, R.C. 2947.23 mandates that the judge "shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Thus, the trial court did not err by ordering appellant to pay the costs of prosecution without considering his ability to pay. Therefore the argument is overruled.
 {¶ 19} Appellant was also fined $5,000 for each offense and ordered to pay "any fees permitted pursuant to R.C. 2929.18(A)(4)." Pursuant to R.C. 2919.19(B)(6): "[b]efore imposing a financial sanction under section 2929.18 * * * or a fine under section 2929.25 * * *, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."
 {¶ 20} The trial court stated, "I have considered the defendant's resources and ability to pay when assessing and imposing the fine herein." Furthermore, appellant made no objection regarding his ability to pay the fines. See State v. Trembly (2000), 137 Ohio App.3d 134. 145. Therefore the argument is overruled.
 {¶ 21} Appellant was also ordered to pay his counsel fees and any fees under R.C. 2929.18(A)(4). However, appellant argues that while the trial court ordered appellant to pay the fees in its entry, the trial court did not order appellant to pay counsel fees and any fees under R.C. 2929.18(A)(4) at the sentencing hearing. Therefore, appellant argues, there is "nothing on the record indicating an inquiry by the court as to Defendant-Appellant's ability to pay counsel costs." Appellant argues where the trial court fails to consider a defendant's ability to pay, the court cannot impose a fine, restitution, or assess costs for court appointed counsel to the defendant.
 {¶ 22} R.C. 2941.51 governs the payment of costs for appointed counsel. R.C. 2941.51(D) provides, in relevant part: "The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county in an amount that the person reasonably can be expected to pay." Thus, an indigent defendant may properly be required to pay his attorney fees only after the court makes an affirmative determination on the record that the defendant has, or reasonably may be expected to have, the means to pay all or some part of the cost of the legal services rendered to him. State v. Cooper, 147 Ohio App.3d 116,130, 2002-Ohio-617 at ¶ 71. The state argues that where the record shows that the trial court judge considered the PSI report along with the offender's own statements, the trial court complies with the requirements of R.C. 2929.19(B)(6). See State v. Martin, 140 Ohio App.3d 326, 338,2000-Ohio-1942.
 {¶ 23} In this case, the trial court stated that it, "has considered everything that was presented today in the mitigation hearing; has considered the presentence investigation report that was prepared in January or February of 1999." The PSI report contains appellant's educational history, military history, his employment history, and his financial condition. Appellant has obtained a GED degree and he received a general discharge from the United States Army in 1987. Appellant's PSI report states that he was employed at all times from January 1994 until October 1998 except for time that he was incarcerated. Appellant's financial assets are listed at $2,000 total monthly income. Accordingly, the trial court's statements reflect an affirmative determination on the record that it considered whether appellant has or reasonably may be expected to have the means to pay all or part of the costs of the legal services rendered to him. State v.Dunaway, Butler App. No. CA2001-12-280, 2003-Ohio-1062. Therefore, appellant's third assignment of error is overruled.
 Assignment of Error No. 4 {¶ 24} "Defendant-appellant Requests That The Court Of Appeals Conduct An In Camera Inspection Of The Presentence Investigation Report And Psychological Evaluation/s For Errors On Appeal."
 {¶ 25} Appellant argues that "where counsel for Defendant-Appellant is denied the opportunity to review the PSI and forensic evaluation/s regarding Defendant-Appellant in the case being appealed, the appellate court should review the same for errors and other relevant information and address in its opinion those matters which could be favorable to Defendant-Appellant as if they had been raised in the Brief of Defendant-Appellant."
 {¶ 26} R.C. 2951.03 governs the disclosure of a presentence investigation report, permitting disclosure in three circumstances: (1) pursuant to R.C. 2951.03(B), to the defendant or his counsel prior to the imposition of the sentence; (2) pursuant to R.C. 2947.06, to the trial court when it is making its sentencing determination; and (3) pursuant to R.C. 2953.08(F), to the appellate court when it is reviewing the sentencing determination. R.C. 2951.03(D); State v. Fisher, Butler App. No. CA98-09-190, 2002-Ohio-2069; State ex rel. Sharpless v. Gierke
(2000), 137 Ohio App.3d 821, 825. Consequently, the presentence investigation report is already included in the record this court is required to examine when reviewing a trial court's sentencing determination. See R.C. 2953.08(F)(1)-(3).
 {¶ 27} We have already reviewed the presentence investigation report when considering whether the trial court erred in its sentencing determination. As previously stated, we found no error in the imposition of a greater than minimum prison term. No further review of the presentence investigation report is required by law. See Fisher,2002-Ohio-2069 at ¶ 45; State v. Willis, Butler App. No. CA2002-02-028, 2002-Ohio-6303, at ¶ 27. Accordingly, the fourth assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.