[Cite as *State v. Curtis*, 2023-Ohio-953.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

RODNEY A. CURTIS

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Craig R. Baldwin, J.

Case No. CT2022-0071

O P I N I O N

CHARACTER OF PROCEEDINGS:      Appeal from the Muskingum County Court of Common Pleas, Case No. CR2015-0117

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      March 23, 2023

APPEARANCES:

For Plaintiff-Appellee

RON WELCH
Prosecuting Attorney
Muskingum County, Ohio

JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43702

For Defendant-Appellant

RODNEY A. CURTIS
Inmate No. A721-152
Noble Correctional Institute
15708 McConnelsville Road
Caldwell, Ohio 43724

*Hoffman, J.*

**{¶1}** Defendant-appellant Rodney A. Curtis appeals the judgment entered by the Muskingum County Common Pleas Court overruling his motion to inspect the presentence investigation report (hereinafter "PSI") filed in his case. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On August 20, 2014, Detective Welker of the Muskingum County Sheriff's Office filed an affidavit to receive a search warrant allowing the Sheriff's Office to seize Appellant's cell phone. The affidavit cites to allegations from a minor female resident at Avondale Youth Center, where Appellant worked as a Child Care worker. The victim alleged she had sexual contact with Appellant in numerous locations, and she had taken nude pictures of herself on Appellant's cell phone. Detective Welker talked to Appellant about these allegations and asked to see the cell phone. Appellant declined to show Detective Welker his cell phone, but admitted the victim sometimes took his cell phone and took pictures of herself with the phone.

**{¶3}** After retrieving the phone, Detective Welker filed for another search warrant on August 21, 2014, to be able to search the phone's data for evidence of the criminal allegations. The Sheriff's Office searched the phone on August 22, 2014, but was unable to download the data because their cable was not compatible with the newer phone. The Sheriff's Office continued and completed downloading the data on September 8, 2014.

**{¶4}** Appellant was indicted on March 18, 2015, on 63 counts of Illegal Use of Minor in Nudity Oriented Material or Performance, each a felony of the second degree, and 11 counts of Sexual Battery, each a felony of the third degree. He retained counsel to represent him.

{¶5} Appellant filed a motion to suppress the evidence. A hearing was held, and the trial court denied the motion to suppress. Appellant then entered a negotiated plea of guilty to counts 1, 2, 3, 5, 6, 7, 9, 11, 12, 13, 64, 68, and 74. In exchange for his plea, the State dismissed the remaining counts. Appellant was sentenced to an aggregate prison sentence of eleven years. Appellant did not file a timely direct appeal, but he attempted to file a delayed appeal on November 23, 2016. This Court denied Appellant's motion to file a delayed appeal by Judgment Entry filed January 3, 2017.

{¶6} On November 23, 2016, Appellant also filed a petition for post-conviction relief in the trial court. On February 13, 2018, the trial court denied the petition. This Court affirmed. *State v. Curtis,* 5th Dist. Muskingum No. CT2018-0014, 2018-Ohio-2822. Appellant filed a second petition for post-conviction relief on November 8, 2018. The petition was denied by the trial court, and this Court once again affirmed. *State v. Curtis,* 5th Dist. Muskingum No. CT2019-0001, 2019-Ohio-2587.

{¶7} On July 5, 2022, Appellant filed a motion to inspect the PSI filed in his case. Appellant argued he did not receive a copy prior to sentencing, and was therefore unable to object to any potential inaccuracies in the report which might have affected his sentence. The trial court denied the request on July 18, 2022.

{¶8} Appellant filed an untimely notice of appeal from the July 18, 2022 judgment, and a motion for delayed appeal. The State failed to respond to the motion, and on October 25, 2022, this Court granted the motion for delayed appeal. It is from the July 18, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. APPELLANT'S SENTENCES SHOULD HAVE BEEN RUN CONCURRENTLY RATHER THAN CONSECUTIVELY.

II. COUNSEL WAS INEFFECTIVE FOR FAILING TO CONSULT WITH CURTIS CONCERNING HIS RIGHT AND/OR DESIRE TO FILE A NOTICE OF DIRECT APPEAL.   COUNSEL WAS FURTHER INEFFECTIVE FOR FAILING TO FILE A NOTICE OF DIRECT APPEAL.

III. COUNSEL WAS INEFFECTIVE FOR FAILING TO INFORM APPELLANT OF THE STATE'S OFFER OF A SEVEN-YEAR JOINT RECOMMENDATION.

IV. APPELLANT WAS NEVER PROVIDED THE OPPORTUNITY TO REVIEW AND THEN CHALLENGE THE PRE-SENTENCE INVESTIGATION REPORT.

V. DISPARITY IN SENTENCING IN SIMILAR CASES DEMONSTRATES RACIAL AND GENDER BIAS EXHIBITED BY THE TRIAL JUDGE AND PROSECUTOR AGAINST APPELLANT AT HIS SENTENCING.

VI. THE WARRANTLESS SEARCH OF APPELLANT'S CELL PHONE AFTER THE INITIAL WARRANT EXPIRED, AND NO EXTENSIONS WERE REQUESTED, GRANTED, OR ISSUED, WAS ILLEGAL.   THUS, THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO SUPPRESS.

VII. THE STATE RELIED ON IMPLAUSIBLE OR IMPOSSIBLE EVIDENCE TO JUSTIFY FORTY-EIGHT (48) COUNTS OF ILLEGAL USE

OF A MINOR IN NUDITY-ORIENTED MATERIAL OR PERFORMANCE (O.R.C. 2907.323).

VIII. THE STATE WITHHELD FAVORABLE EXCULPATORY INFORMATION FROM THE DEFENSE.

I., II., III., V., VI., VII., VIII.

**{¶9}** This Court granted delayed appeal only of the trial court's entry filed July 18, 2022, which overruled Appellant's motion to inspect the PSI. Appellant's first, second, third, fifth, sixth, seventh, and eighth assignments of error all address issues pertinent to the original judgment of conviction and sentencing, and do not claim error in the order appealed from in this case. We find the issues raised by these assignments of error are not properly before this Court at this time.

**{¶10}** Appellant's first, second, third, fifth, sixth, seventh, and eighth assignments of error are overruled.

IV.

**{¶11}** In his fourth assignment of error, Appellant argues the trial court erred in denying his request to inspect his PSI.

**{¶12}** Appellant's motion to review the report was filed on July 5, 2022, more than six years after he was sentenced on November 23, 2015.

**{¶13}** R.C. 2953.03 provides in pertinent part:

(B)(1) If a presentence investigation report is prepared pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2,

the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report, except that the court shall not permit the defendant or the defendant's counsel to read any of the following:

(a) Any recommendation as to sentence;

(b) Any diagnostic opinions that, if disclosed, the court believes might seriously disrupt a program of rehabilitation for the defendant;

(c) Any sources of information obtained upon a promise of confidentiality;

(d) Any other information that, if disclosed, the court believes might result in physical harm or some other type of harm to the defendant or to any other person.

(2) Prior to sentencing, the court shall permit the defendant and the defendant's counsel to comment on the presentence investigation report and, in its discretion, may permit the defendant and the defendant's counsel to introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report.

(C) A court's decision as to the content of a summary under division (B)(3) of this section or as to the withholding of information under division (B)(1)(a), (b), (c), or (d) of this section shall be considered to be within the discretion of the court. No appeal can be taken from either of those decisions, and neither of those decisions shall be the basis for a reversal of the sentence imposed.

(D)(1) The contents of a presentence investigation report prepared pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2 and the contents of any written or oral summary of a presentence investigation report or of a part of a presentence investigation report described in division (B)(3) of this section are confidential information and are not a public record. The court, an appellate court, authorized probation officers, investigators, and court personnel, the defendant, the defendant's counsel, the prosecutor who is handling the prosecution of the case against the defendant, and authorized personnel of an institution to which the defendant is committed may inspect, receive copies of, retain copies of, and use a presentence investigation report or a written or oral summary of a presentence investigation only for the purposes of or only as authorized by Criminal Rule 32.2 or this section, division (F)(1) of section 2953.08, section 2947.06, or another section of the Revised Code.

{¶14} Pursuant to R.C. 2951.03(D)(1), there are three instances in which the contents of a presentence investigation report can be disclosed: (1) pursuant to R.C. 2951.03(B), to the defendant or his counsel prior to the imposition of his sentence; (2) pursuant to R.C. 2947.06, to the trial court when it is making its sentencing determination; and (3) pursuant to R.C. 2953.08(F), to the appellate court when it is reviewing the sentencing determination on appeal. *State ex rel. Sharpless v. Gierke,* 137 Ohio App.3d 821, 825, 739 N.E.2d 1231, 1233 (11th Dist. 2000). If each of these three instances have already occurred in a criminal case, the general rule concerning the confidentiality of the

report prohibits the disclosure of the report. *Id.* A criminal defendant therefore has no legal right to obtain and review a copy of his presentence investigation report after he has been sentenced in a criminal action. *Id.* at 1233-34.

{¶15} Because Appellant filed his motion to review the report after he had been sentenced, Appellant had no legal right to review the report, and we find the trial court did not err in denying his request. The fourth assignment of error is overruled.

{¶16} The judgment of the Muskingum County Common Pleas Court is affirmed.


By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur